**ABCON PAVING, INC., Appellant,**

v.

**Joseph CRISSUP, Appellee.**

**No. 2–90–229–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 10, 1991.

---

Neil L. Durrance, Denton, for appellant.

Stephen Niermann, Dallas, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Abcon Paving, Inc. ("Abcon") after the trial court entered a default judgment against it as well as a damage award in favor of Joseph Crissup,

plaintiff/appellee, in the amount of $2,087.00 plus attorney's fees, post-judgment interest, and court costs.

Appellant's two points of error contend that the trial court: (1) erred by entering a default judgment on behalf of appellee, Crissup, based on no evidence, or in the alternative, insufficient evidence of unliquidated damages; and (2) erred and abused its discretion by ordering the sanctions of striking appellant's pleadings and entering a default judgment against the appellant on behalf of the appellee.

Reversed and remanded.

### Statement of Facts

On November 16, 1989, Crissup sued Abcon in small claims court in Lewisville, Texas, alleging faulty work in the addition of a concrete parking area, boat ramp extension, and a side walk. The new paving provided by Abcon was rising up, approximately five inches higher than the surrounding concrete. Judgment was entered for Crissup in the amount of $500.00 plus interest by the justice court. Abcon appealed the judgment and a trial de novo action was commenced in county court. On or about June 12, 1990, Abcon entered Mr. Crissup's property and removed a certain section of concrete driveway which was at issue while the cause was pending without prior notification. Then, on June 25th, the trial court heard Crissup's Motion for Sanction for Destruction of Evidence due to the alteration of the driveway in question. Abcon's attorney admitted that Abcon removed the section of concrete in question because it did not conform to city specifications. The trial judge found that the evidence in question had been removed and destroyed and could not be recovered by Crissup. The court then struck Abcon's pleadings and entered a default judgment in favor of Crissup for $2,087.00 in actual damages, $500.00 in attorney's fees, post-judgment interest, and court costs. Abcon's motion for new trial was denied.

### Appellant's Points of Error

 Appellant's first point of error asserts that the trial court erred by failing to conduct an evidentiary hearing on the issue of unliquidated damages after rendering a default judgment. Abcon contends that the trial judge did not have legally sufficient evidence to make an award of damages without sworn testimony or demonstrative evidence. Rule 241 of the Texas Rules of Civil Procedure provides:

When a judgment by default is rendered against the defendant, or all of several defendants, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor, unless the defendant shall demand and be entitled to a trial by jury.

TEX.R.CIV.P. 241. The paramount question before this court is whether Crissup's damages were liquidated and proved by an instrument in writing. A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual as opposed to the conclusory allegations in the plaintiff's petition and the instrument in writing. *Willacy County v. South Padre Land Co.*, 767 S.W.2d 201, 204 (Tex.App.—Corpus Christi 1989, no writ); *Higgins v. Smith*, 722 S.W.2d 825, 827 (Tex.App.—Houston [14th Dist.] 1987, no writ). First, plaintiff's allegations as to breach of contract and damages in his Second Amended Original Petition conclusively state that Crissup paid $2,087.00 for the faulty concrete work by Abcon. Such language in plaintiff's petition is sufficient to support the trial court's judgment if supported by an "instrument in writing." However, no instrument in writing was presented in the record upon which the trial court could have based its determination as to Crissup's level of damages; hence, such damages must be proven in accordance with TEX.R.CIV.P. 243 which provides:

If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor....

*Id.* Because Crissup's claim for damages was not properly proved by an instrument

in writing, the trial court erred in assessing damages without hearing evidence proving those damages as required by rule 243. Point of error number one is sustained.

■ Appellant's second point of error maintains that the trial court erred and abused its discretion by ordering the sanctions of striking the appellant's pleadings and entering default judgment against the appellant on behalf of the appellee. A trial court may impose discovery sanctions both to coerce and to punish a disobedient party, and its action will be altered on appeal only for an abuse of discretion. *Plorin v. Bedrock F. & H. Leveling Co.*, 755 S.W.2d 490, 491 (Tex.App.—Dallas 1988, writ denied); *Southern Pac. Transp. Co. v. Evans*, 590 S.W.2d 515, 518–19 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980). An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable, or without reference to any guiding rules and principles. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970). This court is required to view the evidence in the light most favorable to the trial court's action, and indulge in every presumption which would favor such action. *Adams v. Reagan*, 791 S.W.2d 284, 287 (Tex.App.—Fort Worth 1990, no writ); *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242.

■ In support of his second point of error, Abcon cites three reasons why the trial court erred or abused its discretion. First, Abcon contends that the trial court entered a default judgment when no party in the present cause had any discovery pending at the time of the pretrial hearing. The trial court's power to sanction discovery abuse is not so limited. *Plorin*, 755 S.W.2d at 491. The fact that no discovery was pending at the time of the pretrial hearing is irrelevant[1] and in no way precludes imposition of sanctions. TEX. R.CIV.P. 215. Second, Abcon asserts that the trial court acted without regard to any legally cognizable evidence of what alterations took place on the driveway in question. However, Abcon's own counsel admitted in the pretrial hearing that the portion of the driveway in question was "redone" without prior notices given to Crissup's counsel. Third, the appellant claims that even assuming that the evidence existed of the destruction of the driveway, the trial court abused its discretion in granting a default judgment. Abcon urges that in the present cause, the trial judge acted without the benefit or guidance of any guiding rules and principles in an arbitrary and unreasonable fashion by entering the most extreme sanctions against the appellant.

■ In *Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991), the Texas Supreme Court provides two standards to measure whether an imposed sanction was appropriate. First, a direct relationship must exist between the offensive conduct and the sanction imposed; it must be directed against the abuse and toward remedying the prejudice that the abuse causes; and be visited upon the offender, either the party, the party's attorney, or both. *Id.* Secondly, it must not be excessive; the punishment should fit the crime; a discovery abuse sanction should be only as severe as necessary to achieve its legitimate purpose; the trial court first must consider whether less stringent sanc-

---

**1.** *See Plorin*, 755 S.W.2d at 491, in which Justice Hecht stated: "Neither disobedience of a discovery order nor failure to comply with a formal discovery request is a prerequisite for imposition of sanctions."

tions would be appropriate and fully promote future compliance. *Id.*

In the present case, Abcon replaced a portion of the appellee's driveway without Crissup's overt consent. This portion of the driveway is best characterized as potential evidence for Crissup in his suit. The record reflects that the section of the driveway that was replaced was located over a portion of property to which the City of Coppell held an easement. Coppell demanded that Abcon replace that portion of the driveway in order to meet city specifications. Although the record does not state the percentage of the original concrete which was replaced by Abcon at Coppell's instruction, we conclude after reviewing the record that such could not have been more than fifteen (15) percent of the whole of the original work done by Abcon. We sustain Abcon's point because the trial court did not consider less stringent sanction before striking its pleadings; consequently, the extreme sanction imposed fails to meet the second standard in *Transamerican*, namely that the sanction not be excessive. *See id.* There is nothing in the record to support a finding that striking Abcon's pleadings was necessary. *See id.* at 919. There is no showing in the present case that Abcon's actions have caused Crissup injury that cannot be remedied since only a small portion of the driveway in question was destroyed. Likewise, we do not find that Crissup is substantially denied access to evidence or other discoverable matters which are essential to his suit. Appellant's second point of error is sustained.

### Appellee's Cross Point of Error and Motion for Damages for Delay

Appellee asserts that the trial court erred in not awarding judgment to Crissup for prejudgment interest. Due to this court's finding on Abcon's first two points of error, we need not address this cross-point. Likewise, appellee's Motion for Damages for Delay need not be addressed.

The judgment of the trial court is reversed and the cause remanded for trial.