ACCEPTED
03-14-00643-CV
3641064
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 7:17:03 PM
JEFFREY D. KYLE
CLERK

## No. 03----14----00643----CV

## In the Court of Appeals
## For the Third District of Texas
## Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 7:17:03 PM
JEFFREY D. KYLE
Clerk

### Monte Montgomery,

### *Appellant,*

### *v.*

### Monty Hitchcock,

### *Appellee*

On appeal from Cause No. D-1-GN-14-000489
In the 250th Judicial District Court of Travis County, Texas
Honorable Jon N. Wisser, Judge Presiding

### Appellant's Opening Brief

Steven R. Samples
State Bar No. 24086348
Samples Law Group
2605 Airport Freeway, Suite 100
Fort Worth, Texas 76111
817-500-0565 Direct
855-605-1505 Fax
srs@stevesamples.com

Attorney for Appellant

### ORAL ARGUMENT REQUESTED

No. 03----14----00643----CV

# In the Court of Appeals
## For the Third District of Texas
### Austin, Texas

---

Monte Montgomery,

*Appellant,*

*v.*

Monty Hitchcock,

*Appellee*

---

On appeal from Cause No. D-1-GN-14-000489
In the 250th Judicial District Court of Travis County, Texas
Honorable Jon N. Wisser, Judge Presiding

---

## Appellant's Opening Brief

---

Steven R. Samples
State Bar No. 24086348
Samples Law Group
2605 Airport Freeway, Suite 100
Fort Worth, Texas 76111
817-500-0565 Direct
855-605-1505 Fax
srs@stevesamples.com

Attorney for Appellant

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a), the Appellant presents the following list of all parties and the names and address of counsel:

**Appellant**

Mr. Monte Montgomery.

*Represented in the district court by:*

Adam R. Hardison, HARDISON LAW FIRM, 5050 Quorum Drive, Suite 700, Dallas, Texas 75254, and

Steven R. Samples, SAMPLES LAW GROUP, 2605 Airport Freeway, Suite 100, Fort Worth, Texas 76111

*Represented on appeal by:*

Steven R. Samples, SAMPLES LAW GROUP, 2605 Airport Freeway, Suite 100, Fort Worth, Texas 76111

**Appellee**

Mr. Monty Hitchcock.

*Represented in the district court by:*

John Michael Smith, 3305 Northland Drive, Suite 500, Austin, Texas 78731

*Represented on appeal by:*

John Michael Smith, 3305 Northland Drive, Suite 500, Austin, Texas 78731

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................. iii

TABLE OF CONTENTS .................................................................................iv

CERTIFICATE OF COMPLIANCE ...................................................................... vii

CITATIONS TO THE RECORD .......................................................................... vii

INDEX OF AUTHORITIES.............................................................................. viii

STATEMENT OF CASE ................................................................................ xiv

ISSUES PRESENTED ...................................................................................xv

STATEMENT OF FACTS................................................................................. 1

SUMMARY OF ARGUMENT ............................................................................ 4

ARGUMENT ........................................................................................... 5

    A.    A default judgment rendered after substituted service must be reversed when the citation incorrectly identifies the petition and the return of service recites that process was served in the wrong county. ..............................7

    I.    The return of service in this case is fatally flawed and will not support a default judgment because it recites that it was served in the wrong county. ............... 7

    a.    The service requirements are held to the highest possible standard when substituted service is used........................................ 9

b. The Rule 106(b) order provides the sole source of authority for non-personal service and no variance is allowed. ..................................... 10

II. Neither the order authorizing substituted service nor the citation itself will support a default judgment because the citation recites the wrong filing date for the petition. ...................................................11

III. The default judgment record does not establish that Appellee presented sufficient evidence in support of damages. ......................................................... 12

B. A trial court abuses its discretion when it allows a motion for new trial to be overruled by operation of law after the movant establishes he is entitled to a new trial under *Craddock* ............. 15

I. Analysis under *Craddock* in not required in light of the defective service. .......................................................15

II. Analysis under Craddock compels reversing the default judgment. ............................................................ 16

a. The record shows no intent or conscious indifference. ...........................................................17

b. The record shows a meritorious defense. .............. 18

c. Mr. Hitchcock cannot disprove a lack of delay or injury. ...............................................................20

III. The trial court clearly abused its discretion in allowing Mr. Montgomery's motion for new trial to be overruled by operation of law. .......................... 22

PRAYER ................................................................................. 23

SIGNATURE PAGE ................................................................... 23

CERTIFICATE OF SERVICE ......................................................... 24

FINAL JUDGMENT FROM COURT BELOW ............................... APPENDIX

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.

I certify that this brief was prepared with Microsoft Word 2013, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 4,765 words, thus bringing the brief into compliance with the word-count limitations of that Rule.

_____
Steven R. Samples

## CITATIONS TO THE RECORD

This case includes a single-volume, sequentially-numbered clerk's record and citations to that record are in the format [CR *ppp*].  This case has no reporter's record.

# INDEX OF AUTHORITIES

## CASES

*Abcon Paving, Inc. v. Crissup,*
820 S.W.2d 951 (Tex. App.—Fort Worth 1991)....................................13

*Angelo v. Champion Rest. Equip. Co.,*
713 S.W.2d 96 (Tex. 1986)....................................................................20

*Alvarado v. Reif,*
783 S.W.2d 303 (Tex. App.—Eastland 1989) .......................................13

*Bailey's Furniture, Inc. v. Graham-Rutledge & Co.,*
2012 Tex. App. LEXIS 10377
(Tex. App.—Dallas Dec. 13, 2012) ......................................................22

*Bank One of Texas, N.A. v. Moody,*
830 S.W.2d 81 (Tex. 1992). ...................................................................7

*Becker v. Russell,*
765 S.W.2d 899 (Tex. App.—Austin 1989 .............................................6

*Benefit Planners v. Rencare, Ltd.,*
81 S.W.3d 855 (Tex. App.—San Antonio 2002)....................................5

*Berkefelt v. Jackson,*
No. 01-07-00526-CV, 2008 Tex. App. LEXIS 7706
(Tex. App.—Houston [1st Dist.] Oct. 9, 2008) ......................................6

*Blumenthal v. Ameritex Computer Corp.,*
646 S.W.2d 283 (Tex. App.—Dallas 1983)...........................................13

*BLS Limousine Serv., Inc. v. Buslease, Inc.,*
680 S.W.2d 543 (Tex. App.—Dallas 1984) ...........................................13

*Broussard v. Davila*,
    352 S.W.2d 753 (Tex. Civ. App.—San Antonio 1961). ........................ 10

*Bryant v. Gamblin*,
    829 S.W.2d 228(Tex. App.—Eastland 1991)..........................................15

*Burrows v. Bowden*,
    564 S.W.2d 474 (Tex. Civ. App.—Corpus Christi 1978)...............12, 14

*Cliff v. Huggins*,
    724 S.W.2d 778 (Tex. 1987).................................................................. 6

*Comanche Nation v. Fox,*
    128 S.W.3d 745 (Tex. App.—Austin 2004) .........................................17

*Coronado v. Norman*,
    111 S.W.3d 838 (Tex. App.—Eastland 2003) ....................................... 5

*Downer v. Aquamarine Operators, Inc.*,
    701 S.W.2d 238 (Tex. 1985)................................................................. 7

*Estate of Pollack v. McMurrey*,
    858 S.W.2d 388 (Tex. 1993) ........................................................ 19, 20

*First Nat'l Bank v. Shockley*,
    663 S.W.2d 685 (Tex. App.—Corpus Christi 1983) .............................13

*Flynt v. Kingsville*,
    82 S.W.2d 934 (Tex. 1935) ............................................................. 7, 8

*Franks v. Montandon*,
    465 S.W.2d 800 (Tex. Civ. App.—Austin 1971).................................... 9

*Furst v. Smith*,
    176 S.W.3d 864 (Tex. App.—Houston [1st Dist.] 2005) ....................... 5

*Gatlin v. Dibrell*,
  74 Tex. 36 (1889) ...................... 8

*Gen. Elec. Capital Auto Fin. Leasing Svcs., Inc. v. Stanfield*,
  71 S.W.3d 351 (Tex. App.—Tyler 2001) ................................ 18

*Gerland's Food Fair, Inc. v. Hare*,
  611 S.W.2d 113 (Tex. Civ. App.—Houston [1st Dist.] 1980) ................ 8

*Guardsman Life Ins. Co. v. Andrade*,
  745 S.W.2d 404 (Tex. App.—Houston [1st. Dist.] 1987). ................. 21

*Hubicki v. Festina*,
  226 S.W.3d 405 (Tex. 2007) ............................................. 5, 6

*Irlbeck v. John Deere Co.*,
  714 S.W.2d 54 (Tex. App.--Amarillo 1986) ......................... 14

*Ivy v. Carrell*,
  407 S.W.2d 212 (Tex. 1966) ............................................. 18

*Jackson v. Mares*,
  802 S.W.2d 48 (Tex. App.—Corpus Christi 1990) ............................ 20

*Jones v. Andrews*,
  873 S.W.2d 102 (Tex. App.—Dallas 1994) ............................ 15

*Kelley v. Southwestern Bell Media, Inc.*,
  745 S.W.2d 447 (Tex. App.-Houston [1st Dist.] 1988) ....................... 13

*Lara v. Rosales*,
  159 S.W.3d 121 (Tex. App.—Corpus Christi-Edinburg 2004) ............ 19

*Limestone Construction, Inc. v. Summit Commercial Industrial Properties, Inc.*,
  143 S.W.3d 538 (Tex. App.—Austin 2004) ............................ 6

*Lopez v. Lopez*,
757 S.W.2d 721 (Tex. 1988) .................................................15

*McKanna v. Edgar*,
388 S.W.2d 927 (Tex. 1965)............................................ 7, 8

*Mead v. Johnson Group, Inc.*,
615 S.W.2d 685 (Tex. 1981) ............................................ 19

*Morgan v. Compugraphic Corp.*,
675 S.W.2d 729 (Tex. 1984)............................................ 12

*Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*,
525 S.W.2d 312 (Tex. Civ. App.—Dallas 1975) ................................. 14

*Noorani Gas & Convenience, Inc. v. State*,
2008 Tex. App. LEXIS 2965
(Tex. App.—Austin, Apr. 24, 2008).   .........................................16, 22

*Old Republic Ins. Co. v. Scott*,
873 S.W.2d 381 (Tex. 1994) .................................................17

*Pentes Design, Inc. v. Perez*,
840 S.W.2d 75 (Tex. App.—Corpus Christi 1992).   ........................... 12

*Peralta v. Heights Medical Center. Inc.*,
485 U.S. 80 (1988) .................................................15

*Pierce-Fordyce Oil Ass'n v. Staley*,
190 S.W. 814 (Tex. Civ. App.—Amarillo 1916) .................................... 8

*Pleasant Homes v. Allied Bank of Dallas*,
776 S.W.2d 153 (Tex. 1989) .................................................. 8

*Republic W. Ins. Co. v. State*,
985 S.W.2d 698 (Tex. App.—Austin 1999) .......................................... 5

*Roberts v. Stockslager*,
   4 Tex. 307 (1849). ....................................................................... 7

*Royal Surplus Lines Ins. Co. v Samaria Baptist Church*,
   840 S.W.2d 382 (Tex. 1992) ............................................... 10

*Sgitcovich v. Sgitcovich*,
   241 S.W.2d 142 (Tex. 1951) ..................................................... 9

*Simms v. Miears*,
   190 S.W. 544 (Tex. Civ. App.—Austin 1916) ........................................11

*Sloan v. Batte*,
   46 Tex. 215 (1876)..........................................................................7

*Smith v. Commercial Equip. Leasing Co.*,
   678 S.W.2d 917 (Tex. 1984) ..................................................... 9

*Strackbein v. Prewitt*,
   671 S.W.2d 37, 38-39 (Tex. 1984) ...................................... 18

*Stoner v. Thompson*,
   578 S.W.2d 679 (Tex. 1979)..................................................11

*STRA, Inc. v. Seafirst Commercial Corp.*,
   727 S.W.2d 591 (Tex. App.—Houston [1st Dist.] 1987) ..................... 14

*Taylor v. State*,
   293 S.W. 913 (Tex. App.—Austin 2009)............................................. 9

*Trenton v. Hammitt*,
   No. 04-10-00316, 2010 WL 5545423
   (Tex. App.—San Antonio, Dec. 29, 2010) ........................................... 9

*Union Pac. Corp. v. Legg*,
   49 S.W.3d 72 (Tex. App.—Austin 2001)..............................................8

*Uvalde Country Club v. Martin Linen Supply Co.*,
  690 S.W.2d 884 (Tex. 1985) ................................................................ 5, 7

*Velasco v. Ayala*,
  312 S.W.3d 783 (Tex. App.—Houston [1st Dist.] 2009) ..................... 22

*Ward v. Nava*,
  488 S.W.2d 736 (Tex. 1972) .................................................................. 8

*Wilson v. Dunn*,
  800 S.W.2d 833 (Tex. 1990) ......................................................... 5, 6, 7

## OTHER

Tex. R. Civ. P. 241 ............................................................................... 12

Tex. R. Civ. P. 243 ........................................................................... 12, 14

## STATEMENT OF CASE

The proceeding in the court below was a suit on a promissory note.

Mr. Montgomery appeals a no-answer default judgment entered against him and appeals the overruling of his motion for new trial.

Mr. Montgomery asserts that the trial court never acquired personal jurisdiction over him due to defects in the substituted-service procedure and requests de novo review of this question of law.  Mr. Montgomery further requests review under an abuse of discretion standard of the trial court's decision to permit Mr. Montgomery's motion for new trial to be overruled by operation of law.

Upon review, Mr. Montgomery requests reversal and remand.

# ISSUES PRESENTED

A.  Whether a default judgment rendered after substituted service must be reversed when the citation incorrectly identifies the petition and the return of service recites that process was served in the wrong county?

B.  Whether a trial court abuses its discretion when it allows a motion for new trial to be overruled by operation of law after the movant establishes he is entitled to a new trial under *Craddock*?

## STATEMENT OF FACTS

Mr. Montgomery is a professional musician living in Austin, Texas and Mr. Hitchcock is a professional manager living in Nashville, Tennessee. [CR 49] The dispute between the parties stems from their professional relationship within the music industry. [CR 49] Both parties claim default of agreements, and each party asserts a claim against the other. [CR 49-50]

On or about January 13, 2014, counsel for Mr. Hitchcock mailed a demand for payment to Mr. Montgomery. [CR 36] Upon receipt, Mr. Montgomery forwarded the demand to his lawyer in Dallas, who telephoned Mr. Hitchcock's lawyer on January 31, 2014. [CR 39; 49] Counsel for Mr. Hitchcock confirmed representation via facsimile. [CR 39, 53].

On February 17, 2014, Mr. Hitchcock sued Mr. Montgomery in the 250th Judicial District Court of Travis County, alleging default on a promissory note. [CR 3-5 at 4]. Mr. Hitchcock's Original Petition alleged that Mr. Montgomery was a resident of Travis County. [CR 4].

The next day, on February 18, 2014, the Travis County District Clerk issued a citation at the request of Mr. Hitchcock. [CR 12]. The citation stated that Plaintiff's Original Petition was attached but incorrectly identified

1

the Petition, stating that it was filed on February 18, 2014, not Fenruary 17, 2014. [CR 12].

Mr. Hitchcock's counsel never notified Mr. Montgomery's counsel about the lawsuit, instead attempting to personally serve Mr. Montgomery. [CR 24, 32].

In support of a Motion for Substituted Service, Mr. Hitchcock attached an affidavit from a process server alleging service attempts on February 20 and 22, and then on May 1, 3, and 7. [CR 13]. The process server attempted to explain the gap in service activity through statements of an unidentified neighbor, attributing statements to that neighbor concerning Mr. Montgomery's travel plans, including a statement that Mr. Montgomery was scheduled to return home on May 34, 2014. [CR 13].

Mr. Montgomery did not disclose his travel plans to any neighbor. [CR 49] During the time gap that the process server alleges Mr. Montgomery was out of town, Mr. Montgomery actually performed concerts in Austin. [CR 49-50].

On May 13, 2014, the 250th District Court, in reliance on the affidavit of the process server and on the work of the district clerk, issued an order authorizing service by delivery of the process to a person over age 16 or by

posting to the door of a dwelling. [CR 11]. Mr. Hitchcock's counsel had still not notified Mr. Montgomery's counsel about the lawsuit. [CR 24, 32].

Mr. Hitchcock's process server executed a return of service on May 15, 2014, swearing that service was effected at 4415 Cisco Valley Drive, Round Rock, Texas 78664 in *Williamson County*, even though the Original Petition correctly recites that Mr. Montgomery lives in *Travis County*. [CR 4, 13]

The process was never received by Mr. Montgomery. [CR 50].

In reliance on the citation prepared by the Travis County District Clerk, the return of service prepared by the process server, and upon the representations of Mr. Hitchcock's counsel, the 250th District Court signed a no-answer default judgment on July 9, 2014. [CR 17]. The district court's docket sheet does not indicate that Mr. Hitchcock filed a motion for default judgment. [CR 68-69]. The judgment contains an award of attorney's fees. [CR 17] The record contains no evidence received in support of attorney's fees. The promissory note upon which Mr. Hitchcock's claim is based in not found within the record.

Mr. Montgomery filed a motion for new trial on August 8, 2014. [CR 22]. No hearing was held, and the motion was overruled by operation of law. Mr. Montgomery perfected his appeal on October 7, 2014. [CR 60]

## SUMMARY OF ARGUMENT

The default judgment obtained by Mr. Hitchcock against Mr. Montgomery must be reversed because the trial court never acquired personal jurisdiction over Mr. Montgomery. Specifically, Mr. Hitchcock attempted to serve Mr. Montgomery via substituted service using a citation that misidentified the petition, and then he sought (an obtained) a default judgment even though the return of service reflected that service was made in the wrong county. Because substituted service requires strict compliance with the rules of civil procedure, Mr. Montgomery was never lawfully served, the trial court lacked personal jurisdiction over him, and the default judgment will not stand.

While the lack of service relieves Mr. Montgomery of the requirement to make a showing under *Craddock* to obtain a new trial from the court below, he nonetheless made such a showing and the trial court abused its discretion in failing to grant a new trial.

# ARGUMENT

A claim of defective service is a complaint about a court's exercise of personal jurisdiction over a defendant. *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Benefit Planners v. Rencare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.—San Antonio 2002, pet. denied) ("When the attempted service of process is invalid, the trial court acquires no *in personam* jurisdiction over the defendant, and the trial court's judgment is void."). Whether the trial court had personal jurisdiction over Mr. Montgomery is a question of law. *Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App.—Eastland 2003, pet. denied). Questions of law are reviewed *de novo*. *Republic W. Ins. Co. v. State*, 985 S.W.2d 698, 701 (Tex. App.—Austin 1999, pet. dism'd).

A no-answer default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the Texas Rules of Civil Procedure. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007). In contrast to the usual rule that presumptions will be made in support of a judgment, when examining a default judgment, this court should make no presumption of valid issuance, service, or return of citation. *Uvalde Country Club v. Martin Linen*

*Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). Failure to strictly comply with the Rules of Civil Procedure renders any attempted service of process invalid and of no effect. *Hubicki*, 226 S.W.3d at 408; *Wilson*, 800 S.W.2d at 836.

Rule 106(b) authorizes a court to order substituted service of process upon a proper showing that the plaintiff has been unable to serve the defendant through any default method listed in Rule 106(b). When a court orders substituted service under Rule 106(b), the order itself provides the only authority for the substituted service. *Berkefelt v. Jackson*, No. 01-07-00526-CV, 2008 Tex. App. LEXIS 7706, 2008 WL 4530693, at *1 (Tex. App.— Houston [1st Dist.] Oct. 9, 2008) (mem. op., not designated for publication). As a result, "any deviation from the trial court's order necessitates a reversal of the default judgment based on service." *Id.* (citing *Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ)).

A trial court possesses broad discretion in ruling on a motion for new trial. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987). Accordingly, a court's denial of a motion for new trial is reviewed for an abuse of discretion. *Id.* When a motion for new trial is overruled by operation of law, as in this case, the question presented is whether the trial court abused its discretion by

allowing the motion to be overruled. *Limestone Construction, Inc. v. Summit Commercial Industrial Properties, Inc.*, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.), *citing Bank One of Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or it acts without reference to any guiding principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## A. A default judgment rendered after substituted service must be reversed when the citation incorrectly identifies the petition and the return of service recites that process was served in the wrong county.

### I. The return of service in this case is fatally flawed and will not support a default judgment because it recites that it was served in the wrong county.

For well over a century, the Texas Supreme Court has required that strict compliance with the rules for service of citation affirmatively appear on the record for a default judgment to withstand direct attack. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Ulvade Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 886 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *Flynt v. Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935); *Sloan v. Batte*, 46 Tex. 215, 216 (1876); *Roberts v. Stockslager*, 4 Tex. 307 (1849). There are no presumptions in favor of valid issuance, service, and return of

7

citation in the face of a direct attack on a default judgment. *Ulvade*, 690 S.W.2d at 836; *McKanna*, 388 S.W.2d at 929; *Flynt*, 82 S.W.2d at 934. Here, the return recites that the process was served at an address in Williamson County when Mr. Montgomery resides in Travis County.

"The return of service is not a trivial, formulaic document." *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 77 (Tex. App.—Austin 2001, no pet.), It has long been considered prima facie evidence of the facts recited therein. *See Pleasant Homes v. Allied Bank of Dallas*, 776 S.W.2d 153, 154 (Tex. 1989); *Gatlin v. Dibrell*, 74 Tex. 36 (1889) ("The return of the officer imports absolute verity, and was sufficient to authorize the rendition of judgment upon default . . . ."). *See also Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 116 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Pierce-Fordyce Oil Ass'n v. Staley*, 190 S.W. 814, 815 (Tex. Civ. App.—Amarillo 1916, no writ). The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party. *See Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972); *Sanders v. Harder*, 227 S.W.2d 206, 209 (Tex. 1950); *Gatlin*, 11 S.W. at 909; *Pierce-Fordyce*, 190 S.W. at 815. Of particular importance here, "the weight given to the return is no less when

8

the recitations impeach the judgment than when they support it." *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 77 (Tex. App.—Austin 2001, no pet.)

### a. The service requirements are held to the highest possible standard when substituted service is used.

Texas law prefers personal service over substituted service. *Taylor v. State*, 293 S.W. 913, 915-16 (Tex. App.—Austin 2009, no pet.). Because substituted service under Tᴇx. R. Cɪv. P. 106(b) is in derogation of the constitutional mandates of due process, the requirements of the rule and the law connected therewith must be strictly construed and followed. *See, e.g., Sgitcovich v. Sgitcovich*, 241 S.W.2d 142 (Tex. 1951), cert. denied, 342 U.S. 903 (1952); *Redwood Group, L.L.C. v. Louiseau*, 113 S.W.3d 866, 868 (Tex. App.—Austin 2003, no pet.); *Franks v. Montandon*, 465 S.W.2d 800, 801 (Tex. Civ. App.—Austin 1971, no writ). Therefore, service under Rule 106(b) must be strictly in accordance with the terms of the Rule 106 order and the return must reflect the accomplishment of such service as precisely authorized by the order. *Smith v. Commercial Equip. Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984) (per curiam).

### b. The Rule 106(b) order provides the sole source of authority for non-personal service and no variance is allowed.

Except on the terms of the order, there is no authority for substituted service. *See Trenton v. Hammitt*, No. 04-10-00316, 2010 WL 5545423, at *1 (Tex. App.—San Antonio, Dec. 29, 2010, no pet.); *Broussard v. Davila*, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no writ). When reviewing an address problem similar to the one in this case, the Texas Supreme Court reversed a default judgment due to a <u>one-letter</u> variance in the address. *Royal Surplus Lines Ins. Co. v Samaria Baptist Church*, 840 S.W.2d 382, 383 (Tex. 1992) (default judgment based on substituted service set aside because citation sent to 1201 "Bassie" rather than to 1201 "Bessie").

Here, the return states service was made in Williamson County while the petition upon which the trial court issued its substituted service order reflects Travis County as Mr. Montgomery's county of residence. The substituted service order did not authorize service in Williamson County. This flaw renders the service ineffective, the trial court never acquired personal jurisdiction over Mr. Montgomery, and the default judgment must be set aside.

**II.  Neither the order authorizing substituted service nor the citation itself will support a default judgment because the citation recites the wrong filing date for the petition.**

As noted above, Plaintiff's Original Petition was filed on February 17, 2014 but the citation recites that the Petition was filed on February 18, 2014. [CR 3, 12].  The Austin Court of Appeals has twice-reversed a default judgment under identical facts.  *Simms v. Miears*, 190 S.W. 544, 544 (Tex. Civ. App.—Austin 1916, no writ)("On account of the failure of the citation to state the true date of the filing of the plaintiff's petition, we hold that the same is void, and that the court acquired no jurisdiction over plaintiffs in error by reason thereof, for which reason the judgment of the trial court is reversed, and the cause remanded."); *Conner v. W. C. Bowman Lumber Co.,* , 239 (Tex. Civ. App.—Austin 1931, no writ)("Plaintiff in error in its brief raises the point that the judgment should be set aside because of misstatement in the citation of the date on which the petition was filed. This point is well taken, and would in any event require a reversal of the judgment.")

The same error is present in this case, and the same result should have been reached in the court below.  Mr. Montgomery requests reversal and remand.

**III.    The default judgment record does not establish that Plaintiff presented sufficient evidence in support of damages.**

A defaulting party admits all allegations of fact set out in the petition, except the amount of damages. *See Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979). The damages issue separately requires the plaintiff to prove a causal link between the plaintiff's injuries and the defendant's actions to ascertain the amount of damages to which the plaintiff is entitled.  *See Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 732 (Tex. 1984).

Rule 243 does not prescribe either the manner in which a default judgment hearing is to be conducted or the character of the evidence which is required. Tex. R. Civ. P. 243. If damages are liquidated, no hearing is necessary to present evidence of damages. *Id.* Rule 241 permits the trial court to assess damages when the claim is liquidated and proved by an instrument in writing. Tex. R. Civ. P. 241; *Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 79 (Tex. App.—Corpus Christi 1992, writ denied).

The term "liquidated" as used in Rule 241 means that the amount can be calculated solely from the instrument sued on and the factual, *as opposed to conclusory*, allegations in the plaintiff's petition. *See BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 547 (Tex. App.—Dallas 1984, writ ref'd

n.r.e.); *Burrows v. Bowden*, 564 S.W.2d 474, 475 (Tex. Civ. App.—Corpus Christi 1978, no writ). Additionally, a claim for reasonable attorney's fees, absent a contract therefor, is a claim for unliquidated damages. *See First Nat'l Bank v. Shockley*, 663 S.W.2d 685, 691 (Tex. App.—Corpus Christi 1983, no writ); *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283, 287 (Tex. App.—Dallas 1983, no writ).

The written instrument must be attached to the petition. *Abcon Paving, Inc. v. Crissup,* 820 S.W.2d 951, 953 (Tex. App.—Fort Worth 1991, no writ); *see also Alvarado v. Reif*, 783 S.W.2d 303, 304-05 (Tex. App.—Eastland 1989, no writ) (affidavit verifying automobile repair estimate did not transform unliquidated claim into liquidated claim). Here, Mr. Hitchcock's petition does not include the written instrument upon which his lawsuit is based.

If liquidated claims are inadequately described in the petition, they are considered unliquidated. *Kelley v. Southwestern Bell Media, Inc.,* 745 S.W.2d 447, 448-49 (Tex. App.-Houston [1st Dist.] 1988, no writ). Here, the petition only described the face amount of the note, its execution date, and the date of the last payment. The amount of the payments, the number of payments made, the outstanding balance, and the interest rate are all facts omitted from

13

the petition. A hearsay affidavit does not carry the weight of the actual promissory note.

Without a sufficiently certain amount, the claim in this case is unliquidated. *See Burrows*, 564 S.W.2d at 475; *see also STRA, Inc. v. Seafirst Commercial Corp.*, 727 S.W.2d 591, 594 (Tex. App.—Houston [1st Dist.] 1987, no writ) (concluding claim on promissory note was unliquidated because amended petition did not state date of default and amount of interest could not be calculated from pleadings or instrument); *Irlbeck v. John Deere Co.*, 714 S.W.2d 54, 57 (Tex. App.--Amarillo 1986, writ ref'd n.r.e.) (concluding claim on promissory note was unliquidated). Accordingly, Mr. Hitchcock was required to present evidence to support its claim for damages and attorney's fees. *See Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex. Civ. App.—Dallas 1975, writ ref'd); *see also* Tex. R. Civ. P. 243.

The record in this case includes an affidavit from Mr. Hitchcock. [CR 15] The affidavit bears no exhibit mark, and nothing in the record indicates the trial judge took judicial notice of the affidavit prior to entering the default judgment. Nothing else in the record indicates these affidavits were ever actually offered or admitted into evidence before the court. As noted above, when a claim is unliquidated, the rules require the court to "hear *evidence* as to

14

damages." TEX. R. CIV. P. 243 (emphasis added). Because no evidence regarding damages or attorney's fees was admitted before the court, Mr. Hitchcock failed to comply with the requirements of rule 243. *See Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex. App.—Dallas 1994, no writ)(holding that unliquidated damages cannot be calculated from affidavit or other instrument not introduced into evidence).

It was error for the trial court to fail to conduct a hearing and to require proof of unliquidated damages before rendering a default judgment for such damages. *See id.* The district clerk's online docket sheet for this case does not show that a hearing was held in this matter. Mr. Montgomery requests reversal and remand.

**B. A trial court abuses its discretion when it allows a motion for new trial to be overruled by operation of law after the movant establishes he is entitled to a new trial under Craddock**

**I. Analysis under *Craddock* in not required in light of the defective service.**

As a threshold matter, once the defaulting party identifies procedural defects in service, he can set the default judgment aside on those grounds without having to rely on *Craddock*. *See Bryant v. Gamblin*, 829 S.W.2d 228, 229 (Tex. App.—Eastland 1991, writ denied) (*Craddock* elements need not be

reached in post-appearance default judgment rendered without notice to defendant). Further, in *Peralta v. Heights Medical Center. Inc.*, the United States Supreme Court held that the Texas requirement of showing of meritorious defense in order to set aside a default judgment when a defendant established an absence of service violated a party's constitutional due process rights. 485 U.S. 80 (1988); *see also Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam) (Applying *Peralta* to case where there was no notice of hearing).

Mr. Montgomery has established two independent procedural defects in service: First, the return recites service in the wrong county, and second, the citation is void due its failure to accurately recite the filing date of the petition. Nevertheless, Mr. Montgomery will briefly discuss the *Craddock* factors as an independent ground for setting aside this default judgment.

## II.     Analysis under *Craddock* compels reversing the default judgment.

"A trial court abuses its discretion if it refuses to set aside a default judgment and grant a new trial where (1) the defendant's failure to answer or appear was not intentional or the result of conscious indifference, but due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) granting a motion for new trial will not cause undue delay or otherwise

16

injure the party taking the default judgment." *Noorani Gas & Convenience, Inc. v. State*, 2008 Tex. App. LEXIS 2965, 9-10 (Tex. App.—Austin, Apr. 24, 2008, no pet.)

### a. The record shows no intent or conscious indifference.

The Austin Court of Appeals has clearly stated the test: "In determining whether there was conscious indifference we must look to the knowledge and acts of the defendant." *Comanche Nation v. Fox,* 128 S.W.3d 745, 756 (Tex. App.—Austin 2004, no pet.) As a matter of common sense, these can be no intent not to answer, and can be no conscious indifference to the necessity of answering, if a defendant does not know he has been sued. The record shows the following:

i. Mr. Montgomery never received the petition and citation;

ii. When Mr. Montgomery was first contacted Mr. Hitchcock's lawyer in January 2014, he immediately referred the matter to his own lawyer; and

iii. When Mr. Montgomery received notice of the default judgment in July 2014, he immediately referred the matter to his lawyer.

Far from conscious indifference, Mr. Montgomery showed a pattern of immediately responding to papers relating to this dispute. The record in this case suggests that the process server's affidavit must be viewed with

17

suspicion, but assuming that the return is merely wrong about the county in which service was made and the server actually did post the process to the door of Mr. Montgomery's home, having the process blow away in the wind or otherwise become lost is not intent or conscious indifference. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (plaintiff's citation was inadvertently included among files being transferred to another company); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984) (papers misplaced in defendant's office, and confusion as to who was to send them to attorney).

Mr. Montgomery has established the first *Craddock* factor.

### b.     The record shows a meritorious defense.

The second element of *Craddock* requires the defendant moving for a new trial after a default judgment to "set up" a meritorious defense — *i.e.,* defendant need not prove a meritorious defense in the usual sense. *Gen. Elec. Capital Auto Fin. Leasing Svcs., Inc. v. Stanfield*, 71 S.W.3d 351, 356 (Tex. App.—Tyler 2001, no pet.). This means that the motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff and such must be supported by affidavits or other evidence proving such a defense prima facie. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

18

The trial court may not try defensive issues in deciding whether to set aside the default and may not consider counter affidavits or conflicting testimony attempting to refute the movant's factual allegations as to a meritorious defense. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993); *Lara v. Rosales*, 159 S.W.3d 121, 124 (Tex. App.—Corpus Christi-Edinburg 2004, pet. denied) ("The movant is not required to prove the truth of a meritorious defense before trial, and the motion for new trial should not be denied on the basis of contradictory evidence offered by the non-movant.").

Here, the Defendant declares that "Mr. Hitchcock's fail[ed] to provide the services he promised me in exchange for my giving him a note. If I am in default, Mr. Hitchcock went into default first." [CR 50] The statement "sets up" the defense that Mr. Hitchcock, the Plaintiff, committed the first material breach, and that the Defendant has no further obligation to perform. *See Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 689 (Tex. 1981) ("Default by one party excuses performance by the other party.")

Mr. Montgomery has established the second *Craddock* factor.

### c. Mr. Hitchcock cannot disprove a lack of delay or injury.

The third element of Craddock requires a movant to demonstrate that setting aside the default judgment would not cause a delay or otherwise injure the plaintiff. Once a movant makes that representation in its motion, the burden of going forward with proof of injury shifts to the plaintiff because these are matters particularly within his knowledge. *Angelo v. Champion Rest. Equip. Co.,* 713 S.W.2d 96, 98 (Tex. 1986). If plaintiff fails to do so, defendant has met the third element of *Craddock. Estate of Pollack*, 858 S.W.2d at 393. A plaintiff's loss of the economic benefit derived from the entry of the default judgment does not constitute hardship or delay that will bar granting a new trial. *Jackson v. Mares*, 802 S.W.2d 48, 52 (Tex. App.—Corpus Christi 1990, writ denied). And while vacating a final default judgment and granting a new trial will invariably delay final resolution of a case, plaintiff should be required to show that the granting of the new trial would cause delay substantially beyond that which plaintiff would have faced had defendant timely answered. As the Corpus Christi Court of Appeals noted in *Jackson v. Mares*:

> The purpose of the final element of the *Craddock* rule, however, is to protect a plaintiff against the sort of undue delay or injury which disadvantages him in presenting the merits of his case at a

20

new trial, such as loss of witnesses or other valuable evidence upon retrial.

802 S.W.2d 48, 52 (Tex. App.—Corpus Christi 1990, writ denied).

When making this determination, the trial court is entitled to look at the conduct of the plaintiff. For example, one court concluded that the plaintiff/insured would not be injured by the granting of a new trial where plaintiff had waited over 20 months to file suit after being informed of the defendant insurer's intent not to pay face value of the policies and plaintiff's suit had been pending only a short time at the time default judgment was rendered. *See Guardsman Life Ins. Co. v. Andrade*, 745 S.W.2d 404, 406 (Tex. App.—Houston [1st. Dist.] 1987, writ denied). Mr. Hitchcock's affidavit alleges that Mr. Montgomery made his last payment in December 2010. [CR 30] Suit was not filed for three years, and was on file for less than six months when Mr. Montgomery filed his motion for new trial. [CR 3, 22].

Here, Mr. Montgomery cannot answer a lawsuit that was never served upon him, and any delay was caused by the conduct of the Mr. Hitchcock. It strains belief that a plaintiff with a valid claim would navigate the procedures for substituted service when the plaintiff's lawyer knew the defendant was represented by a lawyer who was a mere phone call away. Mr. Hitchcock

carries the ultimate burden under the third *Craddock* factor to prove delay or injury. He cannot meet that burden. Accordingly, Mr. Montgomery has established all three Craddock factors and requests reversal and remand.

**III.    The trial court clearly abused its discretion in allowing Mr. Montgomery's motion for new trial to be overruled by operation of law.**

Because Mr. Montgomery was not duly served with citation under the law, the trial court did not acquire personal jurisdiction over him and the trial court's judgment is void. The trial court abused its discretion by failing to grant his motion for new trial. *Velasco v. Ayala*, 312 S.W.3d 783, 800 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Bailey's Furniture, Inc. v. Graham-Rutledge & Co.*, 2012 Tex. App. LEXIS 10377, 5-6 (Tex. App.—Dallas Dec. 13, 2012, no pet.). For this reason, Mr. Montgomery requests reversal and remand.

And under the Craddock standard, a "trial court abuses its discretion if it refuses to set aside a default judgment and grant a new trial where (1) the defendant's failure to answer or appear was not intentional or the result of conscious indifference, but due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) granting a motion for new trial will not cause undue delay or otherwise injure the party taking the default

22

judgment." *Noorani Gas & Convenience, Inc. v. State*, 2008 Tex. App. LEXIS 2965, 9-10 (Tex. App.—Austin, Apr. 24, 2008, no pet.). Because Mr. Montgomery met this three-part test, a new trial was warranted and he requests reversal and remand.

## Prayer

Wherefore, Premises Considered, Mr. Montgomery prays that the default judgment against him be reversed and that this case be remanded to the trial court.

Respectfully submitted,

Steven R. Samples
State Bar No. 24086348
Samples Law Group
2605 Airport Freeway, Suite 100
Fort Worth, Texas 76111
817-500-0565 Direct
855-605-1505 Fax
srs@stevesamples.com

## CERTIFICATE OF SERVICE

The undersigned personally certifies that a true and correct copy of the foregoing document was personally served on the following counsel of record via electronic service through efile.txcourts.gov on January 2, 2015.

John Michael Smith
3305 Northland Drive, Suite 500
Austin, Texas 78731

*Counsel for Mr. Hitchcock*

Adam R. Hardison
Hardison Law Firm
5050 Quorum Drive, Suite 700
Dallas, Texas 75254

*Counsel for Mr. Montgomery*

                                                    _____
                                                    Steven R. Samples

# APPENDIX

Notice sent: (Final) Interlocutory None
Disp Parties: _____ RLL
Disp code: (CVD) CLS 4611
Redact pgs: _____
Judge JWW Clerk TG

**Filed in The District Court
of Travis County, Texas**

**JUL 0 9 2014**

At ____1:31pm____ M.
**Amalia Rodriguez-Mendoza, Clerk**

CAUSE NO. D-1-GN-14-000489

| | | |
|---|---|---|
| MONTY HITCHCOCK, Plaintiff | § § § | IN THE DISTRICT COURT |
| v. | § § § | TRAVIS COUNTY, TEXAS |
| MONTE MONTGOMERY, Defendant | § § § | 250th JUDICIAL DISTRICT |

## FINAL JUDGMENT

CAME ON THIS DAY, the above-referenced matter. The Court having determined that Defendant Monte Montgomery has been served, but has not filed an answer, orders as follows:

IT IS ORDERED by the Court that the plaintiff, Monty Hitchcock, recover actual damages from defendant, Monte Montgomery, in the sum of $59,357.63.

IT IS FURTHER ORDERED that plaintiff, Monty Hitchcock, recover reasonable and necessary attorney's fees of $ 1650 00 _____ from Monte Montgomery.

IT IS FURTHER ORDERED that the amount of Judgment Amount will bear interest at the rate of 8% from this date until paid.

All costs of court spent or incurred in this cause are adjudged against Defendant.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted in this judgment is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED, this 9 day of July 2014.

_____
JUDGE PRESIDING