# NO. 12-15-00244-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY LOTT D/B/A LARRY LOTT INTERIORS,* | § | *APPEAL FROM THE 7TH* |
| *APPELLANT* | | |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CHALEY MCCAIN,* | | |
| *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Larry Lott d/b/a Larry Lott Interiors appeals a default judgment rendered against him. He presents three issues on appeal. We reverse and remand.

### BACKGROUND

Chaley McCain sued Lott for breach of an oral contract alleging that Lott owed her referral fees for a furnishing and restoration project for a third party. McCain sent Lott written discovery, and Lott responded to the discovery with objections and an assertion that certain items were privileged as trade secrets. McCain then filed a motion to compel and for sanctions. Lott did not file a response. The court granted McCain's motion without a hearing and ordered that Lott respond to the discovery without objection within ten days and pay $500.00 in attorney's fees and costs as sanctions. Lott did not comply with the order.

McCain filed a motion for contempt and for a default judgment asking the trial court to strike Lott's answer and render a default judgment. Lott did not file a response, and the trial court granted McCain's motion without a hearing. In its order, the trial court included a finding that Lott willfully failed to comply with the discovery order and struck Lott's answer. The court also awarded $242,050.82 in "liquidated damages," $5,748.71 in prejudgment interest, $2,500.00 in attorney's fees, and postjudgment interest at 5% per annum. Lott filed a motion for new trial

asserting that the default judgment was overly harsh.[1]  The motion for new trial was overruled by operation of law, and this appeal followed. [2]

<u>ORDER STRIKING ANSWER</u>

In his first issue, Lott argues the trial court erred by striking his answer and rendering a default judgment against him.

**<u>Standard of Review and Applicable Law</u>**

A trial court's ruling regarding sanctions is reviewed under an abuse of discretion standard.  ***Cire v. Cummings***, 134 S.W.3d 835, 838 (Tex. 2004).  The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action.  ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241 (Tex. 1985).  Rather, it is a question of whether the court acted without reference to any guiding rules and principles.  ***Id.*** at 241-42.

A trial court may impose sanctions for violations of discovery orders or abuse of the discovery process.  TEX. R. CIV. P. 215.2(b).  However, the sanctions imposed must be "just."  ***Id.***; ***TransAmerican Nat. Gas Corp. v. Powell***, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding).  If the sanctions are not just, a trial court abuses its discretion in imposing them.  *See **TransAmerican***, 811 S.W.2d at 917.

To determine whether sanctions are just, we apply a two-prong test.  ***Williams v. Azko Nobel Chem., Inc.***, 999 S.W.2d 836, 843 (Tex. App.—Tyler 1999, no pet.).  First, a direct relationship must exist between the offensive conduct and the sanction imposed.  ***TransAmerican***, 811 S.W.2d at 917.  This means that a just sanction must be directed against the abuse and toward remedying the abuse caused to the innocent party.  ***Id.***  It also means that the sanction should be visited upon the offender.  ***Id.***  Second, the sanctions must not be excessive.  ***Id.***  The sanction should be no more severe than necessary to satisfy its legitimate purposes.  ***Id.***

A death penalty sanction is any sanction that adjudicates a claim and precludes the presentation of the merits of the case.  ***Chrysler Corp. v. Blackmon***, 841 S.W.2d 844, 845 (Tex.

---

[1] McCain alleges the motion for new trial was not considered by the court due to its failure to comply with the trial court's local rules.  However, the record does not reflect that the motion for new trial was rejected or otherwise not filed.

[2] Lott also filed an amended motion for new trial.  However, that motion was untimely and, therefore, the trial court could not grant it.  *See **Moritz v. Preiss***, 121 S.W.3d 715, 721 (Tex. 2003).

1992). Such sanctions should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibility of discovery under the rules. *Id.* at 849. Discovery sanctions should not be used to adjudicate the merits of a claim unless a party's obstruction of the discovery process justifies the presumption that the claim lacks merit. *TransAmerican*, 811 S.W.2d at 918. Even then, lesser sanctions should be tested first to determine if they are adequate to secure compliance, deterrence, and punishment of the offender. *Williams*, 999 S.W.2d at 843. In determining whether a party's obstruction of the discovery process justifies a finding that his claims lack merit, we consider whether the noncompliance is attributable to the party only, his counsel only, or both. *See Gunn v. Fuqua*, 397 S.W.3d 358, 374 (Tex. App.—Dallas 2013, pet. denied).

**Analysis**

Lott argues in part that the trial court imposed the death penalty sanction without determining whether there is a direct relationship between the offensive conduct and the sanction imposed. *See TransAmerican,* 811 S.W.2d at 917. More specifically, Lott contends that the court did not determine whether the conduct was attributable to Lott, Lott's counsel, or both.

The trial court granted McCain's motion for contempt and default judgment without holding a hearing. There is no evidence in the record that Lott had any knowledge of, or role in, the failure of his counsel to comply with the discovery order. Nor does the record reflect that the trial court attempted to determine whether Lott or his counsel was responsible for the failure to comply. *See Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003) (trial court must attempt to determine whether offensive conduct is attributable to counsel only, party only, or both). And the trial court made no finding that Lott was personally responsible for the failure of his counsel to comply with the discovery rules. *See Gunn v. Fuqua¸* 397 S.W.3d at 374. Yet only Lott was harmed by the court's sanction striking his answer. *See In re C.G.C.*, No. 12-08-00253-CV, 2010 WL 338062, at *6 (Tex. App.—Tyler Jan. 29, 2010, no pet.)(mem. op.); *Crane v. Tex. Dep't of Transp.*, 880 S.W.2d 55, 58 (Tex. App.—Tyler 1994, writ denied).

Because the trial court did not determine whether Lott or his counsel is responsible for the offending conduct, we cannot conclude on this record that Lott's failure to comply with the discovery order justifies the presumption that his claim lacks merit. *See Gunn*, 397 S.W.3d at 374. Thus, the record does not show a direct relationship between Lott's conduct and the sanction imposed by the trial court. Therefore, the sanction was not just, and the trial court

abused its discretion by imposing it. *See **TransAmerican***, 811 S.W.2d at 917. We sustain Lott's first issue.[3]


## DAMAGES

In his third issue, Lott contends the trial court erred by failing to hold a hearing on damages before rendering the default judgment. Specifically, Lott argues the damages at issue are unliquidated and, therefore, the trial court was required to conduct an evidentiary hearing on the amount of damages. McCain argues Lott waived this complaint because it was not raised in a motion for new trial.

### Preservation of Error

A complaint on which evidence must be heard, such as the trial court's failure to set aside a default judgment must be urged in a motion for new trial. TEX. R. CIV. P. 324(b)(1). However, Lott's argument is essentially an attack on the sufficiency of the evidence to support the damages award. *See **Argyle Mech., Inc. v. Unigus Steel, Inc.***, 156 S.W.3d 685, 687 n.1 (Tex. App.—Dallas 2005, no pet.). This is an issue to be resolved as a matter of law and does not require that evidence be heard. *Id.* Therefore, Lott was not required to present his argument in a motion for new trial as a prerequisite to appeal. *See id.*

### Applicable Law

When a trial court strikes a defendant's answer as a discovery sanction, the resulting default is technically postanswer, but it is also similar to a no-answer default judgment. ***Paradigm Oil, Co. v. Retamco Operating, Inc.***, 372 S.W.3d 177, 184 (Tex. 2012). When a default judgment is taken against a nonanswering defendant on an unliquidated claim, all allegations of fact contained in the petition are deemed admitted, except for the amount of damages. ***Holt Atherton Indus., Inc. v. Heine***, 835 S.W.2d 80, 83 (Tex. 1992). Liquidated damages are damages that can be accurately calculated from the factual allegations in the petition and a written instrument attached to the petition. TEX. R. CIV. P. 241. Conversely, a claim is unliquidated if the amount of damages cannot be accurately calculated by the trial court from the factual allegations in the plaintiff's petition and a written instrument. *See **Abcon Paving, Inc. v. Crissup***, 820 S.W.2d 951, 953 (Tex. App.—Fort Worth 1991, no writ). When damages are

---

[3] Lott also argues in his first issue that the trial court did not consider the imposition of lesser sanctions before granting McCain's motion for contempt and default judgment. The record indicates, however, that the court had previously imposed a monetary sanction, but Lott did not comply with the court's order.

unliquidated, the court must hold a hearing and receive evidence on damages before it can render a final default judgment. TEX. R. CIV. P. 243; ***Holt Atherton***, 835 S.W.2d at 83.

**Analysis**

McCain sued Lott for breach of an oral contract. In her petition, she claimed Lott had not paid her $294,748.95 of the $620,000.00 owed to her under the contract. This language would have been sufficient to support the trial court's damages award if it were supported by an instrument in writing. *See* TEX. R. CIV. P. 241; ***Abcon Paving***, 820 S.W.2d at 953. However, no written instrument was presented in the record on which the trial court could have based its damages award. ***Abcon Paving***, 820 S.W.2d at 953. Therefore, the trial court was required to conduct a hearing on the amount of damages in accordance with Rule 243.

Because McCain's claim for damages was not proven by a written instrument, the trial court erred in assessing damages without conducting an evidentiary hearing pursuant to Rule 243. Lott's third issue is sustained. Because issues one and three are dispositive, we do not address Lott's second issue. *See* TEX. R. APP. P. 47.1.

**DISPOSITION**

Having sustained Lott's first and third issues, we ***reverse*** the judgment of the trial court and ***remand*** for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered April 13, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 13, 2016

NO. 12-15-00244-CV

**LARRY LOTT D/B/A LARRY LOTT INTERIORS,**
Appellant
V.
**CHALEY MCCAIN,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 15-0053-C/A)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **CHALEY MCCAIN**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*