Minerva ARENIVAR, Appellant,

v.

PROVIDIAN NATIONAL BANK, f/k/a First Deposit National Credit Card Bank, A National Banking Association, Appellee.

No. 07–98–0417–CV.

Court of Appeals of Texas, Amarillo.

May 31, 2000.

Rosendo Rodriguez, Wichita Falls, for appellant.

Joan Myers, Bedford, for appellee.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

PHIL JOHNSON, Justice.

Appellant Minerva Arenivar appeals from a default judgment in favor of appellee Providian National Bank. We affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Providian National Bank filed suit against appellant Minerva Arenivar based on a debt appellee alleged in its petition she agreed to pay as principal obligor. Appellee's Original Petition alleged that appellant "... failed to pay as agreed ... under the terms and conditions of the agreement to pay ... despite repeated demand for payment." Appellee's pleadings alleged the amount due to be $5,062.00 plus $100.79 interest, after proper offsets and credits. Appellee did not attach copies of any documents, instruments, or "agreement" to its pleadings.

Appellant did not answer or appear. Appellee moved for default judgment. The motion was accompanied by a proposed default judgment and "supporting documentation" which the court coordinator was requested to present to the judge. The supporting documentation included an affidavit by a designated agent of appellee, which affirmed the amount alleged to be owed by appellant according to the records of appellee. The documentation also included an affidavit executed by appellee's counsel which verified an amount of reasonably necessary and customary attorney's fees for the services of appellee's attorney in connection with the litigation.

The trial court's docket sheet does not reflect that a hearing was held in connection with the default judgment. The docket sheet notes only that the judgment was signed by the trial judge. An affidavit executed by the official court reporter indicates that no hearing was held in connection with entry of the default judgment. Appellant timely filed a Motion for New Trial which was overruled by operation of law.

By her sole issue, appellant asserts on appeal that: (1) the trial court erred in failing to conduct an evidentiary hearing prior to entry of the default judgment; (2) the trial court erred in allowing her motion for new trial to be overruled by operation of law; (3) no evidence supported the default judgment entered against her; (4) she is entitled to a new trial because, through no fault of her own, she is unable to obtain a reporter's record to ·support her "no evidence" point on appeal. Appellee did not file a brief.

## LAW

■ Once a default judgment is taken against a non-answering defendant on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except for the amount of damages. *Texas Commerce Bank, Nat. Ass'n v. New,* 3 S.W.3d 515, 516 (Tex.1999). If the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, unless the defendant demands and is entitled to a

◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼

trial by jury. Tex.R. Civ. P. 241.[1] A claim is liquidated if the amount of damages caused by the defendant can be accurately calculated from (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an instrument in writing. *Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 79 (Tex.App.—Corpus Christi 1992, writ denied). Whether a claim is liquidated must be determined from the language of the petition, as a seemingly liquidated claim may be unliquidated because of pleading allegations which require proof for resolution. *See Irlbeck v. John Deere Co.*, 714 S.W.2d 54, 57 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

◼◼◼◼ If the damages being claimed are unliquidated, the court rendering a default judgment must hear evidence as to damages. Rule 243; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Rule 243 does not prescribe either the manner in which the hearing is to be conducted or the character of evidence which is required. Rule 243; *see New*, 3 S.W.3d at 516–17(affidavits are sufficient evidence to support unliquidated damages award). However, it is error for the trial court to fail to conduct a hearing and to require proof of unliquidated damages before rendering default judgment for such damages. *See Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex.App.—Dallas 1994, no writ).

◼◼◼◼ The legal and factual sufficiency of evidentiary support for the amount of unliquidated damages may be challenged on appeal. *See Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 180–81 (Tex.1993); *see Heine*, 835 S.W.2d at 86. If a no evidence point is sustained as to unliquidated damages resulting from an uncontested, no-answer default judgment, the appropriate disposition is remand for a new trial on the issue of unliquidated damages. *See id.*

### ANALYSIS

◼◼◼ By her default, appellant admitted the allegations in appellee's pleading that she agreed to pay some amount to appellee, and that she did not do so. The amount she owed, however, was unliquidated. *Irlbeck*, 714 S.W.2d at 57. Appellee's petition also claimed attorney's fees, as a "reasonable fee for the attorney's services rendered and to be rendered." Counsel for appellee forwarded affidavits and a proposed default judgment to the trial court coordinator for presentation to the judge. However, appellee has not contested appellant's assertion on appeal that the trial court did not hold a hearing and admit the affidavits as evidence of the unliquidated damages and attorney's fees awarded in the default judgment.

The trial court erred in failing to hold an evidentiary hearing before entering judgment as to unliquidated damages and attorney's fees. The damages and attorney's fees awarded by the trial court are not supported by legally sufficient evidence. Appellant's issue is sustained.

◼◼◼ When damages are not supported by legally sufficient evidence, the usual disposition by an appellate court is to reverse and render judgment. In the case of an uncontested default judgment, however, we are instructed by the Supreme Court in *Heine* that it is appropriate to reverse and remand for a new trial as to damages.

We affirm the trial court judgment as to liability, and reverse and remand for a new trial as to damages.

1. Further references to a Rule of Civil Procedure shall be by reference to "Rule_".