**ARGYLE MECHANICAL, INC., Stephanie Crider, and Steve McDaniel, Appellants,**

v.

**UNIGUS STEEL, INC., Appellee.**

No. 05–04–00769–CV.

Court of Appeals of Texas, Dallas.

Feb. 25, 2005.

Charles F. Holmans, III, Dallas, for appellants.

David A. McDonald, Palmer Allen & McTaggert, LLP, Dallas, for appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice WHITTINGTON.

Argyle Mechanical, Inc., Stephanie Crider, and Steve McDaniel appeal a no-answer default judgment entered in favor of Unigus Steel, Inc. In three points of error, appellants claim the trial judge erred in failing to conduct a hearing on unliquidated damages and awarding attorney's fees and there is no evidence to support the award of unliquidated damages. Because we conclude the trial judge erred in awarding unliquidated damages, we affirm in part and reverse and remand in part.

### BACKGROUND

Argyle is a general contractor in the construction business. Crider and McDaniel are officers of Argyle. Unigus entered into a contract with Argyle to provide labor and materials involved in the construction of a cooling tower support and access stairs at Parkland Hospital. After Argyle failed to pay all amounts due, Unigus sued Argyle for breach of contract, suit on sworn account, quantum meruit, and misapplication of trust funds, seeking $56,839, plus interest and attorney's fees against Argyle. With respect to Crider and McDaniel, Unigus sued only for mis-

application of trust funds. All issues on appeal involve damages and attorney's fees arising from the misapplication of trust funds claim.

After appellants were served with citation and failed to file answers, Unigus obtained a default judgment. The trial judge did not conduct an evidentiary hearing prior to entry of the default judgment and later denied appellants' motion for new trial.

### DEFAULT JUDGMENT

In their first point of error, appellants claim the trial judge erred in failing to conduct a hearing on unliquidated damages. In their second point of error, appellants contend there is no evidence to support the award of unliquidated damages. We agree with both claims.

When a default judgment is taken against non-answering defendants on an unliquidated claim, all allegations of fact contained in the petition are deemed admitted, except for the amount of damages. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992); *Arenivar v. Providian Nat'l Bank,* 23 S.W.3d 496, 497 (Tex.App.-Amarillo 2000, no pet.). When damages are unliquidated, the judge entering the default judgment must hear evidence on the damages. TEX.R. CIV. P. 243; *Holt Atherton Indus.,* 835 S.W.2d at 83. The legal and factual sufficiency of evidentiary support for unliquidated damages may be challenged on appeal from a no-answer default judgment.[1]

*Arenivar,* 23 S.W.3d at 498; *Dawson v. Briggs,* 107 S.W.3d 739, 748 (Tex.App.-Fort Worth 2003, no pet.). If a no-evidence point is sustained as to unliquidated damages resulting from a no-answer default judgment, the appropriate disposition is to remand for a new trial on the issue of unliquidated damages. *Holt Atherton Indus.,* 835 S.W.2d at 86; *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 734 (Tex.1984) (if appellate court sustains point of error, new trial should be limited to issue of damages because liability already established by default).

Construction payments are trust funds if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor under a construction contract for the improvement of specific real property in this state. TEX. PROP.CODE ANN. § 162.001(a) (Vernon Supp.2004–05). A trustee misapplies trust funds if he, intentionally or knowingly or with intent to defraud, either directly or indirectly, retains, uses, disburses, or otherwise diverts trust funds without first paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds. TEX. PROP. CODE ANN. § 162.031(a) (Vernon 1987).

A legal sufficiency review requires that this Court consider only the evidence and inferences, when viewed in their most favorable light, that tend to support the finding and disregard all evidence and inferences to the contrary. *Davis v. City of*

---

1. Unigus argues appellants waived any complaint regarding the lack of evidence to support unliquidated damages because this issue was not raised in the motion for new trial. In support of its argument, Unigus relies on Texas Rule of Civil Procedure 324(b), which states "a point in a motion for new trial is a prerequisite to the following complaints on appeal ... a complaint on which evidence must be heard such as ... failure to set aside a judgment by default." TEX.R. CIV. P. 324(b). Appellants do not seek to set aside the default judgment or raise other grounds that would require evidence. Appellants challenge only the legal sufficiency of the evidence supporting damages. This is an issue to be resolved as a matter of law and does not require the presentation of evidence at a motion for new trial.

*San Antonio,* 752 S.W.2d 518, 522 (Tex. 1988). To determine whether there is evidence to support the damage award, we must first determine whether the damages arising from the misapplication of trust funds claim are liquidated or unliquidated. A claim is liquidated if the amount of damages may be accurately calculated by the trial judge from the factual as opposed to the conclusory allegations in the plaintiff's petition and the instrument in writing. *Abcon Paving Inc. v. Crissup,* 820 S.W.2d 951, 953 (Tex.App.-Fort Worth 1991, no writ); *Willacy County Appraisal Review Bd. v. S. Padre Land Co.,* 767 S.W.2d 201, 204 (Tex.App.-Corpus Christi 1989, no writ).

■ By failing to answer, appellants admitted the allegations in Unigus's pleading. *Arenivar,* 23 S.W.3d at 498. However, Unigus's own pleading raises questions about the amount of damages attributable to the misapplication of trust funds claim. In its original petition, Unigus states:

> Upon information and belief, funds were received from the owner of the referenced property by Argyle as payment regarding the construction and/or improvement of the property and, under Sections 162.001 and 162.002 of the Tex. Prop.Code, such payments were trust funds regarding which Argyle is a trustee. Furthermore, to the extent Defendants ... Stephanie Crider and/or Steve McDaniel received these funds or had control or direction over such funds on behalf of Argyle, each such individual is also a trustee with Argyle over such funds.

Although appellants admitted by default the truth of the above allegations, Unigus did not plead or prove the amount of trust funds received by Argyle from Parkland Hospital. With respect to Crider and McDaniel, Unigus did not plead or produce evidence of the amount of trust funds they received or which came under their control or direction. Regarding damages specifically, Unigus pleaded only "that such acts have caused substantial harm to Unigus in excess of the minimum jurisdictional amounts of this Court." Thus, the damages relating to Unigus's misapplication of trust funds claim are unliquidated.

Because the damages are unliquidated, the trial judge was required to hear evidence in support of those damages. *See* TEX.R. CIV. P. 243. Because he did not do so, the trial judge erred. We sustain appellants' first point of error. Furthermore, our review of the record shows there is no evidence to support the award of unliquidated damages. Because there is no evidence to support the damage award, we sustain appellants' second point of error. In light of our disposition of these points, we need not address appellants' third point of error, complaining of the award of attorney's fees.

We reverse and remand the issues of damages and attorney's fees relating to the misapplication of trust funds claim for new trial. *See Holt Atherton Indus.,* 835 S.W.2d at 86 ("when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages."). In all other respects, we affirm the trial court's judgment.