ACCEPTED
12-15-00134-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/17/2015 2:24:57 PM
Pam Estes
CLERK

NO. 12-15-00134-CV

IN THE COURT OF APPEALS

12TH DISTRICT

TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/17/2015 2:24:57 PM
PAM ESTES
Clerk

JOHNNY PEEVY

*Appellant*

VS.

ROY GENE BUTLER

*Appellee*

**FILED**

9/17/2015

**Twelfth Court of Appeals
Pam Estes
Clerk**

ON APPEAL FROM THE 241ST JUDICIAL DISTRICT COURT OF

SMITH COUNTY, TEXAS, TRIAL COURT NO. 14-1354-C

BRIEF OF APPELLANT

JOHN F. BERRY
State Bar No. 02236650
BRIAN E. RICHARDSON
State Bar No. 24068651

JOHN F. BERRY, P.C.
100 Independence Place, Suite 400
Tyler, Texas 75703-1384
(903) 561-4200
(903) 561-8922 (Fax)
jfberry@suddenlinkmail.com

ORAL ARGUMENT WAIVED

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

PARTIES:                                          COUNSEL:

*Plaintiff:*
Roy Gene Butler                                   Ronnie Horsley
1909 N. 24th West Ave.                            231 South College
Tulsa, Oklahoma 74127                             Tyler, Texas 75702

                                                  Stephen Hubbard
                                                  605 S. Broadway
                                                  Tyler, Texas 75701

*Defendant:*
Johnny Peevy                                      John F. Berry
11669 E. Montana Place                            100 Independence Place
Aurora, Colorado 80012                            Suite 400
                                                  Tyler, Texas 75703

# TABLE OF CONTENTS

*INDEX OF AUTHORITIES*     *iii*

*STATEMENT OF THE CASE*     *1*

*ISSUES PRESENTED*     *1*

*STATEMENT OF FACTS*     *2*

*SUMMARY OF THE ARGUMENT*     *3*

*ARGUMENT*     *4*

*CONCLUSION*     *9*

*PRAYER*     *9*

*APPENDIX*     *12*

  *A. JUDGMENT*     *13*

  *B. SECTION 37, TEX. CIV. PRAC. & REM.S CODE*     *16*

  *C. SECTION 304.003, TEXAS FINANCE CODE*     *22*

  *D. RULE 26.1, TEXAS RULES OF CIVIL PROCEDURE*     *24*

  *E. RULE 30, TEXAS RULES OF APPELLATE PROCEDURE*     *26*

  *F. RULE 243, TEXAS RULES OF CIVIL PROCEDURE*     *27*

  *G. TEXAS CREDIT LETTER*     *28*

**INDEX OF AUTHORITIES**

*Statutes*

Tex. Civ. Prac. & Rem. Code §37 _____ 1, 6

Tex. Fin. Code §304.003 _____ 2, 3, 8, 9

*Rules*

Tex. R. App. P. 26.1 _____ 4, 5

Tex. R. App. P. 30 _____ 4

Tex. R. Civ. P. 243 _____ 6

*Cases*

*Vazquez v. Vazquez,*

  292 S.W.3d 80 (Tex. App.—Houston [14th Dist.] 2007, no pet.) _____ 4

*Argyle Mech., Inc. v. Unigus Steel, Inc.,*

  156 S.W.3d 685 (Tex. App.—Dallas 2005, no pet.) _____ 5, 6

*Holt Atherton Indus., Inc. v. Heine,*

  835 S.W.2d 80 (Tex. 1992) _____ 5, 6

*Arenivar v. Providian Nat'l Bank,*

  23 S.W.3d 496 (Tex. App.—Amarillo 2000, no pet.) _____ 5, 6

*First Nat'l Bank v. Shockley,*

663 S.W.2d 685 (Tex. App.—Corpus Christi 1983, no writ) _____6

*Dawson v. Briggs*,

107 S.W.3d 739 (Tex. App.—Fort Worth 2003, no pet.) _____6

*Morgan v. Compugraphic Corp.*,

675 S.W.2d 729 (Tex. 1984)_____6

## STATEMENT OF THE CASE

Appellee, Roy Gene Butler ("Butler") sued Appellant, Johnny Peevy ("Peevy") in an action to quiet title on real property and requested a declaratory judgment pursuant to the Texas Civil Practices and Remedies Code §37. Butler filed his Original Petition on May 21, 2014 (Clerk's Record 1-4). Appellant was served the Original Petition on July 11, 2014 (Clerk's Record 5). The Motion for Default Judgment was filed on November 13, 2014 (Clerk's Record 6-12). The Trial Court entered the Default Judgment on November 21, 2014 (Clerk's Record 13-15) without holding a hearing (Clerk's Record 34). The Default Judgment contained an award of attorney's fees in the amount of $7,000.00, post-judgment interest of ten percent (10%) per annum, and costs of court. Appellant filed his Notice of Restricted Appeal within six months of the entry of the Default Judgment and accordingly, perfected this appeal.

## ISSUES PRESENTED

Issue No. 1: Whether the Default Judgment entered in favor of Butler against Peevy should be reversed and remanded for a new trial with regard to the award of attorney's fees due to the record reflecting no evidence as to the amount of reasonable and necessary attorney's fees.

Issue No. 2: Whether the Default Judgment entered in favor of Butler against Peevy should be reversed and rendered with regard to the award of post-

1

judgment interest at a rate of ten percent (10%) per annum and revised to five percent (5%) per annum.

## STATEMENT OF FACTS

Peevy was the victim of a Default Judgment taken by Butler. Butler filed his Original Petition against Peevy on May 21, 2014 (Clerk's Record 1-4), upon which Butler's Default Judgment is based. The Default Judgment was signed on November 21, 2014 (Clerk's Record 13-15). The Default Judgment contained an award of attorney's fees in the amount of $7,000.00, post-judgment interest of ten percent (10%) per annum, and costs of court. The Default Judgment states "At the hearing on this cause…" (Clerk's Record 13) which would indicate that a hearing was held. However, the Court never conducted an evidentiary hearing to receive evidence of reasonable and necessary attorney's fees. The Docket Sheet (Clerk's Record 34) does not note that a hearing was held and does not identify a court reporter. In fact, no hearing was held and no evidence presented to the Trial Court to support the judgment for attorney's fees.

Secondly, the award of post-judgment interest at the rate of ten percent (10%) interest per annum is double the correct interest rate of five percent (5%) per annum pursuant to a correct application of Tex. Fin. Code §304.003 for the time the Default Judgment was entered. Peevy filed his notice of restricted

appeal within the six-month deadline (Clerk's Record 19-20), bringing the Default Judgment into review by this Court. This being a default judgment, Peevy did not participate at the hearing (which never took place), and the failure of the Docket Sheet (Clerk's Record 34) to note the identity of the Court Reporter or the existence of a hearing establishes the absence of a hearing on the face of the record.

## SUMMARY OF THE ARGUMENT

The Trial Court erroneously granted a default judgment in favor of Butler against Peevy for attorney's fees without conducting an evidentiary hearing to determine the amount of reasonable and necessary attorney fees. Reasonable and necessary attorney's fees are unliquidated damages, and a no-answer default judgment still requires a judge to receive evidence on the amount of unliquidated damages before they can be awarded. When a no evidence point is sustained as to unliquidated damages which results from a no-answer default, the appropriate disposition is to remand for a new trial on the issue of the unliquidated damages.

Secondly, the trial court erroneously granted an award of post-judgment interest at the rate of ten percent (10%) per annum. A correct application of Tex. Fin. Code §304.003 for November 21, 2014, which is the entry date of the Default Judgment, is five percent (5%). Tex. Fin. Code §304.003(c)(2) should

have been applied to the amount of the interest charged because on November 21, 2014, the prime rate as published by the Board of Governors of the Federal Reserve System was less than five percent (5%). The Appendix contains the Texas Credit Letter published by the Texas Office of Consumer Credit Commissioner which shows the Judgment Rate for November 21, 2014 was five percent (5%).

## ARGUMENT

A party filing a restricted appeal must demonstrate the following: (1) initiation of an appeal within six months after the judgment was rendered; (2) the appellant was a party to the suit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of; (4) the appellant did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or file a notice of appeal within the time permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and (5) error appears on the face of the record. Tex. R. App. P. 30; *Vazquez v. Vazquez*, 292 S.W.3d 80, 83 (Tex.App.—Houston [14th Dist.] 2007, no pet.). "[T]he face of the record consists of all the papers on file in the appeal, including the reporter's record." *Vasquez, 292 S.W.3d at 83.* In this case, there was no hearing, hence there was no reporter, hence there is no reporter's record.

4

The Default Judgment was signed and filed on November 21, 2014 (Clerk's Record 13-15), and the Notice of Restricted Appeal was filed on May 20, 2015 (Clerk's Record 19-20). As a result, the initiation of the appeal was within six months of the judgment. Peevy was the Defendant in the lawsuit, so he was a party to the suit. (Clerk's Record 1-4). The Docket Sheet (Clerk's Record 34) is silent as to the identity of a Court Reporter and the actual occurrence of a hearing at the time the Default Judgment was signed, so Peevy did not participate in any hearing which resulted in the judgment complained. In fact, there was no such hearing. Peevy did not timely file any post-judgment motion, request for findings of fact and conclusions of law, or file a notice of appeal within the time permitted by Rule 26.1(c), as shown by the absence of these in the Clerk's Record.

With regard to the fifth element, the face of the record shows no evidence regarding the amount of reasonable and necessary attorney's fees. "When a default judgment is taken against non-answering defendants on an unliquidated claim, all allegations of fact contained in the petition are deemed admitted, except for the amount of damages." *Argyle Mech., Inc. v. Unigus Steel, Inc.,* 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.) (citing *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 497 (Tex. App.—Amarillo 2000, no

pet.)).  "When damages are unliquidated, the judge entering the default judgment must hear evidence on the damages." *Argyle Mech.*, 156 S.W.3d at 687 (citing Tex. R. Civ. P. 243; *Holt Atherton Indus.*, 835 S.W.2d at 83.)  "A default judgment…does not establish allegations pertaining to unliquidated damages."  *First Nat'l Bank v. Shockley*, 663 S.W.2d 685, 689 (Tex. App.—Corpus Christi 1983, no writ).  "The legal and factual sufficiency of evidentiary support for unliquidated damages may be challenged on appeal from a no-answer default judgment."  *Argyle Mech.*, 156 S.W.3d at 687 (citing *Arenivar*, 23 S.W.3d at 498; *Dawson v. Briggs*, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.)).  "If a no-evidence point is sustained as to unliquidated damages resulting from a no-answer default judgment, the appropriate disposition is to remand for a new trial on the issue of unliquidated damages."  *Argyle Mech.*, 156 S.W.3d at 687 (citing *Holt Atherton Indus.*, 835 S.W.2d at 86; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984)).  "Unliquidated claims include damages for personal injuries, lost profits, consequential damages, exemplary damages, and *reasonable attorney's fees*."  *First Nat'l Bank,* 663 S.W.2d at 689 (emphasis added).

In a declaratory judgment proceeding, a court "may award costs and reasonable and necessary attorney's fees as are equitable and just."  Tex. Civ. Prac. & Rem. Code §37.009.  The face of the record contains no evidence to

6

support an award of any attorney's fees. With no evidence to support the amount of attorney's fees, the award for attorney's fees must be reversed and remanded for a trial on that issue.

A close inspection of the record indicates no hearing was held to support the amount of attorney's fees. The Docket Sheet (Clerk's Record 34) clearly fails to indicate the identity of a Court Reporter or the existence of a hearing. Ordinarily, the Docket Sheet would show the identity of the Court Reporter and note the date of the hearing. By the absence of this information, it is reasonable and appropriate to infer that there was, in fact, no hearing. The Default Judgment states in its opening sentence "At the hearing on this cause,…" (Clerk's Record 13). The record also contains the proposed Default Judgment submitted by Stephen Hubbard, attorney for Roy Gene Butler (Clerk's Record 10 – 12). Neither the proposed Default Judgment, the Nonmilitary Affidavit (Clerk's Record 8), nor the Certificate of Last Known Mailing Address (Clerk's Record 9) reflect file marks. These documents were attached to and submitted with the Motion for Default Judgment (Clerk's Record 6-7), filed on November 13, 2014. On its face, the Motion for Default Judgment alleges a suit against a different Defendant, Girish Patel. The necessary allegations or facts to support the Default Judgment pursuant to the Motion are incorrect. They apply to persons not parties to this suit. From the record, it is apparent

that the Plaintiff filed a Motion for Default Judgment, misidentifying the Defendant, accompanied by the Nonmilitary Affidavit, Plaintiff's Certificate of Last Known Mailing Address and proposed Default Judgment (Clerk's Record 6-12). Later, on November 21, 2014, the Trial Court signed the Default Judgment, but it did not hold a hearing, nor did Plaintiff request a hearing from the face of the record (Clerk's Record 7—citing the prayer contained in the Motion for Default Judgment which contains no request that a hearing be held). The face of the record clearly shows no hearing was actually held.

Secondly, the Default Judgment (Clerk's Record 13-15) contains an award of post-judgment interest of ten percent (10%) per annum. That amount is double the correct interest rate of five percent (5%) pursuant to a correct application of Tex. Fin. Code §304.003 for the time the Default Judgment was awarded. Tex. Fin. Code §304.003(c)(2) states that a money judgment earns post-judgment interest at a rate of "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System…is less than five percent…." The judgment interest rate is published weekly by the Texas Office of Consumer Credit Commissioner. For the month of November 2014, the prime rate as published by the Board of Governors of the Federal Reserve System was less than five percent (5%). As a result, the Default

8

Judgment should be reversed and rendered to change the award of post-judgment interest to accrue at the rate of five percent (5%) per annum.

## CONCLUSION

It is clear that the face of the record contains no evidence of the amount of reasonable and necessary attorney's fees. Butler failed to meet his burden and failed to provide any evidence of the amount of reasonable and necessary attorney's fees to the Trial Court. As a result, the Default Judgment should be reversed and remanded for a new trial on this issue.

Secondly, the Default Judgment erroneously awarded post-judgment interest at the rate of ten percent (10%) per annum. A correct application of Tex. Fin. Code §304.003 for November 21, 2014 would yield post-judgment interest at the rate of five percent (5%) per annum. Accordingly, the Default Judgment should be reversed and rendered with regard to the award of post-judgment interest changing the post-judgment interest rate from ten percent (10%) to five percent (5%) per annum on the amount of damages awarded.

## PRAYER

Wherefore premises considered, Appellant, Johnny Peevy, prays that the judgment granted against him be reversed and rendered with respect to post-judgment interest and reversed and remanded in part to the trial court on the issue of attorney's fees. Appellant prays for general relief.

9

Respectfully submitted,

JOHN F. BERRY, P.C.
100 Independence Place, Suite 400
Tyler, Texas 75703
(903) 561-4200
FAX: (903) 561-8922
jfberry@suddenlinkmail.com

By: ___/s/ John F. Berry_____
John F. Berry
State Bar No. 02236650
Brian E. Richardson
State Bar No. 24068651

## CERTIFICATE OF SERVICE

I hereby certify that on the  17th  day of September, 2015, a copy of the foregoing was mailed by certified mail, return receipt requested, to the following:

Ronnie Horsely
P O Box 7017
Tyler, Texas 75711

Stephen Hubbard
605 S. Broadway
Tyler, Texas 75701

/s/ John F. Berry
_____
John F. Berry

**APPENDIX**

CAUSE NO. 14-1354-C

| ROY GENE BUTLER | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 241ˢᵗ JUDICIAL DISTRICT |
| | § | |
| JOHNNY PEEVY | § | |
| Defendant. | § | OF SMITH COUNTY, TEXAS |

## DEFAULT JUDGMENT

At the hearing on this cause, Plaintiff appeared through his attorney of record. Defendant, Johnny Peevy, although duly cited to appear and answer herein, has failed to file an answer within the time allowed by law.

The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that judgment should be rendered for Plaintiff.

The Court FINDS the following:

a. Thaddeus McClendon purchased the B Lafferty survey, tract 21 located in Smith County, Texas in 1914;

b. Thaddeus McClendon died in 1934 leaving a wife and 3 children, namely L.E., Raz and Trula McClendon;

c. L.E. McClendon had six (6) children, namely Gertha Mae McClendon Butler, Geraldine McClendon Peevy, Alexander Edalgo McClendon, James Phillip McClendon, Jo Ann McClendon Cole and Marilyn Jean McClendon Evans.

d. By intestate succession, Geraldine McClendon Peevy inherited her undivided interest in the property from her father L.E. McClendon after his death. Said interest is separate property of Geraldine McClendon Peevy.

Butler v. Peevy
Smith County Texas
Default Judgment

Page -1-

13

e.  Geraldine McClendon Peevy married Melvin Peevy. Prior to her marriage, Geraldine McClendon Peevy had a daughter, namely Maxine McClendon Wallace.

f.  The child of Geraldine Peevy, Maxine McClendon Wallace, died prior to Geraldine Peevy. Maxine McClendon Wallace left two children at her death, namely, Daisha Wallace and Armissie Wallace.

c.  Geraldine Wallace Peevy died, leaving no will but she had a spouse, Melvin Peevy and the property in questions was separate property of Geraldine McClendon Peevy.

f.  The heirs of Geraldine McClendon Peevy are Melvin Peevy, Armissie Wallace and Daisha Wallace.

g.  Melvin Peevy died in 2009 in Denver, Colorado.

h.  Roy Gene Butler purchased the interest of Daisha Wallace and Armissie Wallace, who are the heirs of Geraldine McClendon Peevy.

IT IS accordingly **ORDERED, ADJUDGED and RENDERED** that Roy Gene Butler, Plaintiff, is judicially declared the owner of the following property - in Smith County, Texas as described as the B Lafferty survey, tract 21 located in Smith County, Texas;

**IT IS ORDERED and DECLARED** that Roy Gene Butler is the sole owner of the B Lafferty survey, tract 21 located in Smith County, Texas and Johnny Peevy is divested of any right, title or claim to said property.

**IT IS FURTHER ORDERED** that Roy Gene Butler be granted attorney fees in this matter in the amount of Seven Thousand Dollars ($7,000.00) as of the date of judgement with interest of

10% per anum; and costs of court.

Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on ~~November 21, 2014~~

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Stephen Hubbard
Attorney for Plaintiff Roy Gene Butler
605 S. Broadway
Tyler, Texas 75701
Tel: (903) 533.0018
Fax: (903) 597.7702

**VERNON'S TEXAS STATUTES AND CODES ANNOTATED**

**CIVIL PRACTICES AND REMEDIES CODE**

**TITLE 2. TRIAL, JUDGMENT, AND APPEAL**

**SUBTITLE C. JUDGMENTS**

**CHAPTER 37. DECLARATORY JUDGMENTS**

Sec. 37.001. DEFINITION. In this chapter, "person" means an individual, partnership, joint-stock company, unincorporated association or society, or municipal or other corporation of any character.

Sec. 37.002. SHORT TITLE, CONSTRUCTION, INTERPRETATION. (a) This chapter may be cited as the Uniform Declaratory Judgments Act.

(b) This chapter is remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered.

(c) This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees.

Sec. 37.003. POWER OF COURTS TO RENDER JUDGMENT; FORM AND EFFECT. (a) A court of record within its jurisdiction has power to declare

16

rights, status, and other legal relations whether or not further relief is or could be claimed. An action or proceeding is not open to objection on the ground that a declaratory judgment or decree is prayed for.

(b)  The declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree.

(c)  The enumerations in Sections 37.004 and 37.005 do not limit or restrict the exercise of the general powers conferred in this section in any proceeding in which declaratory relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty.

Sec. 37.004.    SUBJECT MATTER OF RELIEF.  (a)  A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b)  A contract may be construed either before or after there has been a breach.

(c)  Notwithstanding Section 22.001, Property Code, a person described by Subsection (a) may obtain a determination under this chapter when the sole

issue concerning title to real property is the determination of the proper boundary line between adjoining properties.

Sec. 37.005. DECLARATIONS RELATING TO TRUST OR ESTATE. A person interested as or through an executor or administrator, including an independent executor or administrator, a trustee, guardian, other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust in the administration of a trust or of the estate of a decedent, an infant, mentally incapacitated person, or insolvent may have a declaration of rights or legal relations in respect to the trust or estate:

(1) to ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others;

(2) to direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity;

(3) to determine any question arising in the administration of the trust or estate, including questions of construction of wills and other writings; or

(4) to determine rights or legal relations of an independent executor or independent administrator regarding fiduciary fees and the settling of accounts.

Sec. 37.0055. DECLARATIONS RELATING TO LIABILITY FOR SALES AND USE TAXES OF ANOTHER STATE. (a) a) In this section,

"state" includes any political subdivision of that state.

(b)   A district court has original jurisdiction of a proceeding seeking a declaratory judgment that involves:

(1)  a party seeking declaratory relief that is a business that is:

(A)  organized under the laws of this state or is otherwise owned by a resident of this state; or

(B)   a retailer registered with the comptroller under Section 151.106, Tax Code; and

(2)  a responding party that:

(A)  is an official of another state; and

(B)   asserts a claim that the party seeking declaratory relief is required to collect sales or use taxes for that state based on conduct of the business that occurs in whole or in part within this state.

(c)  A business described by Subsection (b)(1) is entitled to declaratory relief on the issue of whether the requirement of another state that the business collect and remit sales or use taxes to that state constitutes an undue burden on interstate commerce under Section 8, Article I, United States Constitution

(d)  In determining whether to grant declaratory relief to a business under this section, a court shall consider:

(1)  the factual circumstances of the business's operations that give rise to the demand by the other state; and

(2)  the decisions of other courts interpreting Section 8, Article I, United States Constitution.

Sec. 37.006.       PARTIES.  (a)   When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties.  A declaration does not prejudice the rights of a person not a party to the proceeding.

(b)  In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

Sec. 37.007.       JURY TRIAL.  If a proceeding under this chapter involves the determination of an issue of fact, the issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

Sec. 37.008. COURT REFUSAL TO RENDER.  The court may refuse to render or enter a declaratory judgment or decree if the judgment or decree

would not terminate the uncertainty or controversy giving rise to the proceeding.

Sec. 37.009.    COSTS.   In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

Sec. 37.010.    REVIEW.   All orders, judgments, and decrees under this chapter may be reviewed as other orders, judgments, and decrees.

Sec. 37.011.    SUPPLEMENTAL RELIEF.   Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application must be by petition to a court having jurisdiction to grant the relief.   If the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith.

VERNON'S TEXAS RULES ANNOTATED

FINANCE CODE

TITLE 4. REGULATION OF INTEREST, LOANS, AND FINANCED

TRANSACTIONS

SUBTITLE A. INTEREST

CHAPTER 304. JUDGMENT INTEREST

SUBCHAPTER A. GENERAL PROVISIONS

Sec. 304.003. JUDGMENT INTEREST RATE:  INTEREST RATE OR TIME PRICE DIFFERENTIAL NOT IN A CONTRACT.  (a)  A money judgment of a court of this state to which Section 304.002 does not apply, including court costs awarded in the judgment and prejudgment interest, if any, earns post-judgment interest at the rate determined under this section.

(b)  On the 15th day of each month, the consumer credit commissioner shall determine the post-judgment interest rate to be applied to a money judgment rendered during the succeeding calendar month.

(c)  The postjudgment interest rate is:

(1)  the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation;

(2)  five percent a year if the prime rate as published by the Board of

22

Governors of the Federal Reserve System described by Subdivision (1) is less than five percent;

(3)  15 percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is more than 15 percent.

# VERNON'S TEXAS RULES ANNOTATED

# TEXAS RULES OF APPELLATE PROCEDURE

# SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS

## RULE 26. TIME TO PERFECT APPEAL

26.1. Civil Cases.   The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

(1) a motion for new trial;

(2) a motion to modify the judgment;

(3) a motion to reinstate under Texas Rule of Civil Procedure 165a;  or

(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed;

(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed;  and

24

(d) if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.

# VERNON'S TEXAS RULES ANNOTATED

# TEXAS RULES OF APPELLATE PROCEDURE

# SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS

# RULE 30. RESTRICTED APPEAL TO COURT OF APPEALS IN CIVIL CASES

A party who did not participate--either in person or through counsel--in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

**VERNON'S TEXAS RULES ANNOTATED**

**TEXAS RULES OF CIVIL PROCEDURE**

**SECTION ELEVEN. TRIAL OF CAUSES**

**A. APPEARANCE & PROCEDURE**

**RULE 243. UNLIQUIDATED DEMANDS**

If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.

# TEXAS CREDIT LETTER

Published Weekly by the Texas Office of Consumer Credit Commissioner • 2601 N Lamar Blvd • Austin, TX 78705-4207

Volume 34, Number 17, October 21, 2014

ISSN 0738-6877

## NOTICE OF RATE CEILINGS

The Consumer Credit Commissioner of Texas has ascertained the following rate ceilings by use of the formulas and methods described in Sections 303.003, 303.009 and 304.003, TEX. FIN. CODE.

| Types of Rate Ceilings | Effective Period (Dates are Inclusive) | Consumer [1]/Agricultural/ Commercial[2] thru $250,000 | Commercial [2] over $250,000 |
| --- | --- | --- | --- |
| Weekly Rate - Sec. 303.003 and 303.009, TEX. FIN. CODE | 10/27/14-11/02/14 | 18.00% | 18.00% |
| Judgment Rate - Sec. 304.003, Tex. Fin. Code | 11/01/14-11/30/14 | 5.00% | 5.00% |

[1]Credit for personal, family, or household use. [2]Credit for business, commercial, investment, or other similar purpose.

Issued in Austin, Texas this, the 20th day of October, 2014.