**REVERSED IN PART AND AFFIRMED IN PART; Opinion Filed February 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01020-CV

## JERRY GRISAFFI, Appellant
## V.
## ROCKY MOUNTAIN HIGH BRANDS, INC. F/K/A REPUBLIC OF TEXAS BRANDS, INC., Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15441**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Schenck

Jerry Grisaffi appeals the trial court's judgment in favor of Rocky Mountain High Brands ("Rocky Mountain"). Grisaffi challenges the judgment as constituting an impermissible double recovery and as failing to conform to the pleadings in violation of Texas Rule of Civil Procedure 301. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Grisaffi is a former officer and director of Rocky Mountain, a publicly traded company in the business of selling "health conscious, hemp-infused" food and beverage products. In 2013, Grisaffi instructed Rocky Mountain's Chief Financial Officer to execute an Employment Agreement between Rocky Mountain and Grisaffi with compensation that included the right to up to ten million shares of Series A Preferred Stock in Rocky Mountain. The Employment Agreement was not submitted to or approved by the board of directors in violation of Rocky Mountain's bylaws. Pursuant to the Employment Agreement, Grisaffi caused ten million shares of Series A Preferred Stock to be issued in the name of Hilltop Trust, a trust for the benefit of his children. Grisaffi later caused Hilltop Trust to request cancellation of the ten million shares of Series A Preferred Stock issued to it and to request transfer or reissuance of one million shares to himself. For several months, Grisaffi engaged in negotiations related to a stock purchase agreement with Lily Li, a managing member of LSW Holdings, LLC, ("LSW") for those one million shares to be sold to LSW with a provision for LSW to "fund Rocky Mountain High Brands sufficiently to meet its expansion plans." However, in February 2017, Grisaffi sold those one million shares to LSW for $3.5 million pursuant to a final agreement that did not include Rocky Mountain.

During 2015, Grisaffi met Joe Radcliffe and engaged in a scheme with him to place Radcliffe and his associates in control of Rocky Mountain and maximize the

sale price of Grisaffi's one million shares to LSW. Over a period of time, Radcliffe and his associates negotiated a distribution contract under Epic One Group ("Epic"). Throughout the course of his dealings with Radcliffe and associates, Grisaffi caused 113,668,625 shares of Rocky Mountain common stock to be issued to individual members and entities controlled by Radcliffe and his associates for well below market value. Also, at Grisaffi's direction, eleven million shares of stock were granted to Epic purportedly for facilitating the sale of shares to LSW and for raising money for Rocky Mountain, although Epic never raised any money for Rocky Mountain.

In 2016 and 2017, Grisaffi caused Rocky Mountain to issue to Grisaffi two convertible promissory notes without full board approval or legal authority. At Grisaffi's direction, Li was given ten million shares of common stock in Rocky Mountain allegedly in exchange for raising money for Rocky Mountain, which she never did. In June 2017, Grisaffi resigned and insisted the board of directors approve an Indemnification and Release Agreement.

In November 2017, Rocky Mountain filed suit against Grisaffi for breach of fiduciary duty, conversion, and fraudulent conveyances. In the same lawsuit, Rocky Mountain asserted claims against Radcliffe, his associates, and related entities; Li; LSW; and Epic. Grisaffi filed counterclaims on the two promissory notes and for breach of the Indemnification and Release Agreement.

After propounding discovery to Grisaffi, Rocky Mountain filed motions to compel and for contempt against Grisaffi. The trial court granted Rocky Mountain's motions to compel and conducted a hearing on its motion for sanctions. The trial court issued a sanctions order striking all of Grisaffi's pleadings and barring him from filing any further pleadings, awarding a default judgment to Rocky Mountain with respect to its claims against Grisaffi, and severing Rocky Mountain's claims against the remaining defendants. In doing so, the trial court found that none of the lesser sanctions or efforts were effective in causing Grisaffi to comply with his discovery obligations or the trial court's orders. The formal default judgment voided the issuance of the Series A Preferred Stock to Hilltop Trust and then to Grisaffi and awarded Rocky Mountain $3.5 million. Grisaffi timely filed his notice of appeal.

## DISCUSSION

Grisaffi's appeal does not challenge the trial court's decision to enter default judgment against him, but instead focuses on the relief granted. Grisaffi argues that by voiding the issuance of the Series A Preferred Stock *ab initio* **and** awarding Rocky Mountain $3.5 million, the trial court's judgment constitutes an impermissible double recovery and fails to conform to the pleadings in violation of Texas Rule of Civil Procedure 301.

Rocky Mountain alleges Grisaffi failed to preserve this issue by failing to make these specific arguments to the trial court. We note that Grisaffi does not seek to set aside the default judgment or raise other grounds that require evidence.

–4–

Instead, his issue is one that may be resolved as a matter of law. *See Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 n.1 (Tex. App.—Dallas 2005, no pet.) (concluding issue on appeal regarding legal sufficiency of evidence supporting unliquidated damages in no-answer default judgment "is an issue to be resolved as a matter of law and does not require the presentation of evidence at a motion for new trial"). Accordingly, we conclude this issue is not one that need be raised to the trial court below.

Under the one-satisfaction rule, "[t]here can be but one recovery for one injury, and the fact that . . . there may be more than one theory of liability[] does not modify this rule." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006). The rule applies when defendants commit the same acts as well as when defendants commit technically differing acts that result in a single injury. *Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 314 (Tex. App.—Dallas 2006, no pet.). Whether the rule applies is determined not by the cause of action, but by the injury. *Id.*

The trial court signed a default judgment against Grisaffi that:

- awarded Rocky Mountain $3.5 million "for funds obtained through fraud, breach of fiduciary duty and conversion with respect to Series A Preferred Stock;"

- declared the Employment Agreement void *ab initio*;

- declared the shares issued to Hilltop Trust and reissued to Grisaffi to be void *ab initio*;

- declared the convertible promissory notes issued to Grisaffi to be void *ab initio*;

- declared Grisaffi's sale of the Series A Preferred Stock to LSW to be a fraudulent transfer;

- declared the issuance of ten million shares to Li and the issuance of eleven million shares to Epic to be breaches of fiduciary duty by Grisaffi;

- declared the Indemnification and Release Agreement void and unenforceable; and

- ordered Grisaffi take nothing by his counterclaims against Rocky Mountain.

Grisaffi complains that by awarding Rocky Mountain (1) the $3.5 million for the Series A Preferred Stock he caused to be issued to Hilltop Trust and then to himself as well as (2) declaratory relief that such issuance was void *ab initio*, the judgment improperly awards a double recovery to Rocky Mountain. He argues that once the issuance of stock was invalidated, Rocky Mountain received the equity represented by the stock and was made "whole" such that the additional award of $3.5 million is an additional recovery for the same injury suffered by Rocky Mountain.

Rocky Mountain denies the default judgment constitutes a double recovery. It argues the declaratory relief would not impact Rocky Mountain's equity as to the world at large and thus declaratory relief alone would not make Rocky Mountain "whole." Rocky Mountain further urges the declaratory relief serves as a predicate fact-finding to support breaches of fiduciary duty Griasaffi committed and that such

finding would preclude Grisaffi from asserting in some subsequent proceeding that the stock was valid. These arguments ignore the fact that a void instrument passes no title. *See Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.); *see also Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (holding doctrine of res judicata seeks to prevent double recovery). Finally, Rocky Mountain asserts that the declaratory relief and monetary relief may be treated as related to separate, independent wrongs committed by Grisaffi. However, our review focuses on the injury, not "technically differing acts" or the type or variety of causes of action that plaintiff alleges resulted in the complained-of injury. *See Emerson Elec. Co.*, 201 S.W.3d at 314.

The trial court's default judgment was entered as a death-penalty discovery sanction against Grisaffi. Accordingly, Grisaffi, as defaulting defendant has admitted to all facts establishing liability. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 186 (Tex. 2012).

In Rocky Mountain's pleadings, it asserts the numerous breaches of fiduciary duty by Grisaffi resulted in damages "based on the value of the stock including lost profits to the extent such shares of stock were subsequently sold" and similarly alleges he converted and fraudulently conveyed the Series A Preferred Stock. Although Grisaffi committed numerous wrongful acts against Rocky Mountain, the default judgment awards Rocky Mountain $3.5 million as compensation for "funds obtained through fraud, breach of fiduciary duty and conversion with respect to

–7–

Series A Preferred Stock . . . ." The default judgment further awards Rocky Mountain declaratory relief to void the issuance of that Series A Preferred Stock. Thus, both the monetary and declaratory relief awarded to Rocky Mountain compensate it for the single injury of the wrongful issuance of Series A Preferred Stock caused by Grisaffi. Further, the pleadings do not establish how Rocky Mountain was injured by Grisaffi's sale to LSW of the Series A Preferred stock Grisaffi had acquired. Rocky Mountain does not assert on appeal, and nor do its pleadings establish, an injury it suffered separate from the issuance of Series A Preferred stock and that Grisaffi is responsible for that could be compensated by the $3.5 million.

Accordingly, we sustain Grisaffi's first issue.[1]

Normally, where the successful party fails to make an election on alternative theories of recovery for a single injury, the court should use the findings on the theory affording the greatest recovery and render judgment accordingly. *McCullough v. Scarbrough, Medlin & Assocs., Inc.*, 435 S.W.3d 871, 917 (Tex. App.—Dallas 2014, pet. denied). In fact, Grissafi argues the best way to make Rocky Mountain whole, without prejudicing rights that LSW and Li may have in any action they may undertake to recover the $3.5 million LSW paid for the stock,

---

[1] In light of our conclusion the default judgment violates the one-satisfaction rule by resulting in a double recovery for a single injury, we need not address Grisaffi's arguments regarding whether the judgment fails to conform to the pleadings in violation of Texas Rule of Civil Procedure 301. *See* TEX. R. APP. P. 47.1.

–8–

would be to void the issuance of the Series A Preferred Stock. However, it is unclear in this case whether voiding the issuance of the Series A Preferred Stock or awarding Rocky Mountain $3.5 million would give Rocky Mountain the greater recovery. Accordingly, we find remand required on this issue. *See, e.g.*, *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304, 314 n.86 (Tex. 2006) (noting that plaintiff is entitled to recover on most favorable theory verdict supports); *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 185 (Tex. 1998); *Win Shields Productions, Inc. v. Greer*, No. 05-16-00274-CV, 2017 WL 2774443, at *6 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.).

## CONCLUSION

Having concluded that the trial court's judgment constitutes a double recovery in violation of the one-satisfaction rule, we remand this case to the trial court for Rocky Mountain to make an election of remedies between an award of $3.5 million and a declaratory judgment that the ten million shares of Series A Preferred Stock that were issued to Hilltop Trust and reissued to Jerry Grisaffi were void *ab initio*. In all other respects the judgment is affirmed.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

181020F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERRY GRISAFFI, Appellant

No. 05-18-01020-CV     V.

ROCKY MOUNTAIN HIGH
BRANDS, INC. F/K/A REPUBLIC
OF TEXAS BRANDS, INC.,
Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-15441.
Opinion delivered by Justice Myers,
Justices Schenck and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** in part, and **AFFIRMED** in part as follows:

> Having concluded that the trial court's judgment constitutes a double recovery in violation of the one-satisfaction rule, we remand this case to the trial court for ROCKY MOUNTAIN HIGH BRANDS, INC. F/K/A REPUBLIC OF TEXAS BRANDS, INC. to make an election of remedies between an award of $3.5 million and a declaratory judgment that the ten million shares of Series A Preferred Stock that were issued to Hilltop Trust and reissued to Jerry Grisaffi were void *ab initio*. In all other respects the judgment is affirmed.

It is **ORDERED** that appellant JERRY GRISAFFI recover his costs of this appeal from appellee ROCKY MOUNTAIN HIGH BRANDS, INC. F/K/A REPUBLIC OF TEXAS BRANDS, INC.

Judgment entered this 27th day of February, 2020.